[No. 7,339.—In Bank.]

## H. MABURY *v.* JOSÉ DOLORES RUIZ ET AL.

Mortgage—Foreclosure—Parties—Intervention—Homestead.—In an action to foreclose a mortgage on the homestead, executed by the husband, the wife is a necessary party, and if not made a party is entitled to intervene; and in such action the question of homestead or no homestead may be determined.

Id.—Homestead—Abandonment.—The execution by the husband and wife of a deed of conveyance of the homestead, absolute in form, but intended as a mortgage, is not an abandonment of the homestead, except as against an innocent purchaser.

Id.—Foreclosure—Assignment.—In an action by the alleged assignee of the mortgagee, to foreclose a mortgage executed by the husband on the homestead, the wife intervening has no interest in the question of the validity of the assignment, and can not interpose an objection by demurrer to the allegations of the complaint on this point.

APPEAL from a judgment in the Seventeenth District Court, County of Los Angeles, SEPULVEDA, J., and from an order denying a motion for a new trial in the Superior Court of Los Angeles County by the same Judge.

. A decision in this case was made by Department Two, January 6th, 1881, affirming the order denying a new trial.

*Wicks & Ramirez* and *O'Melveny & Hazard,* for Appellants.

The conveyance to Higuera being nothing but a mortgage (as between the parties), the homestead right was hypothecated merely, the legal title never passed, and upon its cancellation and reconveyance back to Ruiz the equitable right or lien of Higuera ceased, and the estate and homestead rights, in unaffected and undisturbed existence, remained as though the deed to Higuera had never been made. (*Shepherd* v. *Cassidy,* 20 Texas, 24.) Upon the reconveyance back to husband, he held it in trust, within the decision of *Hassey* v. *Wilke,* 53 Cal. 525, for the wife. (*Hugunin* v. *Dewey,* 20 Iowa, 368; *Murphy* v. *Crouch,* 24 Wisc. 365.) The continued, actual residence of intervenor on this land, was *prima facie* evidence of the right of homestead, and the records as well as the residence, imparted notice of her rights. (*Harper* v. *Forbes,* 15 Cal. 202; *Holden* v. *Pinney,* 6 id. 234; Smyth on Homesteads, etc., sec. 280.)

*Barclay & Wilson* and *Bicknell & White,* for Respondents.

The defendant and intervenor joined in an absolute conveyance in form, grant, bargain, and sale, to Francisco Higuera, of the premises covered by the homestead. This grant operated as an abandonment of the homestead. (Civil Code, § 1,243; *Hughes* v. *Davis,* 40 Cal. 117; *Fuquay* v. *Stickney,* 41 id. 583.)

THORNTON, J.:

In this action, which was brought to foreclose a mortgage by one claiming to be the assignee of the note and mortgage sued on, the sole mortgagor, José Dolores Ruiz, together with Dolores S. de Abila and D. B. Hoffman, were made defend-

ants.  The note and mortgage above mentioned were executed on the 27th of June, 1877.  The defendants, failing to answer, were regularly defaulted.  One Salvadora Ruiz, by leave of the Court, filed a complaint in intervention, in which she alleged that on the 31st of December, 1872, and prior thereto, she was, and thereafter continued, the wife of the mortgagor, and that when the said mortgage was executed, and ever since the day last named, she and her husband had resided on the mortgaged premises; that on the said day her husband selected the property mortgaged as a homestead, had executed a declaration of homestead in proper form, as required by law, had acknowledged the same, which declaration and acknowledgment were recorded on the same day in the proper book of records of Los Angeles county, and that this homestead had never been abandoned; that the property on which the declaration of homestead was made was the common property of her husband and herself; that the property so declared to be a homestead did not exceed $5,000 in value, and the mortgage sued on was not made to secure the purchase money of the homestead, and that she was a resident of this State when said mortgage was executed.

The plaintiff answered the complaint in intervention, and denied that the intervenor was or is the wife of defendant José Dolores Ruiz as alleged; she admitted the filing of the declaration of homestead as alleged, but averred that it had been abandoned by a deed executed and acknowledged on the 21st day of July, 1874, by the intervenor and the defendant José Dolores Ruiz, which deed conveyed the premises described in said declaration of homestead to Francisco Higuera, and that this deed was duly recorded.  The other allegations above set forth were also denied.

By an amendment to her complaint, made after the answer of plaintiff above referred to, the intervenor alleged that she had never parted with the title to the premises described in plaintiff's complaint; that the deed to Higuera was at the time "intended, and by all known to be, a mortgage to secure" him in and on account of a "joint liability" then assumed by Higuera for her husband; that said liability had been long since satisfied, and all claim of Higuera canceled; that the attorneys of the mortgagee, M. S. Patrick, had no-

tice at the time the mortgage sued on herein was executed, that the deed to Higuera was solely and entirely intended as a mortgage.

For answer to these amendments, the plaintiff denied that the deed executed to Higuera was intended to be a mortgage, that the same was well known or known at all, and further denied that the attorneys of the mortgagee, M. S. Patrick, had any notice whatever at the date of the execution of the mortgage to Patrick, that the deed to Higuera was intended to be a mortgage, or had been satisfied.

The cause came on for trial on the issues joined on the complaint in intervention, and a decree was rendered foreclosing the mortgage as to all the parties, including the intervenor. The latter moved for a new trial, which was denied, and she appealed from the judgment and the order denying her motion.

The complaint was demurred to by the intervenor on the general ground, and on the further ground that the plaintiff had not legal capacity to sue, inasmuch as there was no sufficient allegation of the assignment of the mortgage to the plaintiff.

The intervenor sets up the homestead right which she claims vested previous to the execution of the deed relied on as an abandonment. This deed was a deed executed by defendant José Dolores Ruiz and Salvadora Ruiz, his wife, to Francisco Higuera on the 21st day of July, 1874, and acknowledged and duly recorded in Book of Deeds of Los Angeles County, where the premises are located. The declaration of homestead was executed on the 31st of December, 1872, and duly recorded on the same day. The mortgage was executed on the 27th of July, 1877, and duly recorded on the next day. It is further averred by intervenor, and it is here contended, that the deed to Higuera was intended to be a mortgage to secure him (Higuera) on account of a joint liability then assumed by him for her husband.

It is held in *Sargent* v. *Wilson*, 5 Cal. 504, that in such an action as this, the wife is a necessary party, and if not made a party she should be allowed to intervene. It is said in the case cited, that the mortgage is void only as to the homestead value, but is good for the excess, and that the wife is a neces-

sary party to the full adjustment of the controversy. In *Moss v. Warner*, 10 Cal. 296, this decision is affirmed, with the modification that she is a proper party defendant, and it is held there that if she is not made a party, she may intervene.

If she has a right to intervene, then the intervenor has a right to have the question of homestead or not tried and determined.

It is contended by the respondent that the homestead was abandoned by the deed to Higuera. This is true, if it was not a mortgage. Section 1,243 of the Civil Code prescribes the only modes of abandonment, as follows:

"A homestead can be abandoned only by a declaration of abandonment or a grant thereof, executed and acknowledged. 1. By the husband and wife, if the claimant is married; 2. By the claimant, if unmarried."

The next section provides that the declaration of abandonment shall only be effectual from the time it is filed in the office in which the homestead is recorded.

A transfer of the title to property is a *grant* (Civ. Code, §§ 1,039, 1,053), and a fee simple title is presumed to pass by it. (Civ. Code, § 1,105.) By § 2,920 of the Civil Code a mortgage is defined to be "a contract by which specific property is hypothecated for the performance of an act, without the necessity of a change of possession." It is provided by § 2,924 of the same Code, that "every transfer of an interest in property, other than in trust, made only as a security for the performance of another act, is to be deemed a mortgage, except when in the case of personal property it is accompanied by actual change of possession, in which case it is deemed a pledge."

If then this deed to Higuera was intended as a security to Higuera for the payment of the debt by Ruiz or his wife, for which Higuera had bound himself, the deed is a mortgage, within the rule prescribed in § 2,924 Civ. Code, above cited.

The evidence on this point is all to the effect that it was given as security to Higuera. The only witnesses as to this matter are Higuera and the intervenor, and they both testify that this deed was executed to secure Higuera, who had become security for them for the payment of a debt to a creditor of Ruiz.

The Court found that this deed was not a mortgage, and this finding is unsupported by the evidence. If, however, the mortgagee was an innocent purchaser without notice of the real character of the deed to Higuera, he is protected, and the homestead must be held abandoned as to the plaintiff in this action. (Civ. Code, § 2,925.)

We can not perceive from the views above taken that the intervenor has any interest in the manner in which the assignment of the mortgage is alleged in plaintiff's complaint. If the property involved in this action is a homestead, it remains a homestead, whether the mortgage was assigned or not. If it is not a homestead, she certainly has no interest in the question. For this reason we deem it unnecessary to pass on the question raised by her demurrer to the complaint.

There is no other error in the record, but inasmuch as the Court held that the deed to Higuera was not a mortgage, the judgment as to the intervenor and the order denying her motion for a new trial are reversed, and the cause remanded for a new trial.

SHARPSTEIN, J., and MYRICK, J., concurred.

McKEE, J., concurred in the judgment.