[No. 7,902.  Department Two.—June 28, 1884.]

GEORGE S. PORTER AND MARTHA F. PORTER, RESPONDENTS, *v.* A. L. CHAPMAN AND JOHN FARNHAM, APPELLANTS.

HOMESTEAD—ABANDONMENT.—A homestead cannot be abandoned except in the mode prescribed by the statute.

APPEAL from a judgment of the Superior Court of Solano County.

The action was brought to set aside a sale, by the defendant Farnham as sheriff, of certain lands claimed by plaintiffs as a homestead, and to enjoin the execution of a deed. The sale was made under an execution issued upon a judgment against the

plaintiff George S. Porter, and in favor of defendant Chapman, who became the purchaser at the execution sale. It was claimed by appellants that plaintiffs had abandoned the homestead by the removal of the husband from the premises, and by a conveyance by them to one Reeves. The plaintiffs did convey to Reeves by grant, bargain, and sale deed, the premises claimed as a homestead, but Reeves, at the same time and as a part of the same transaction, executed an instrument in writing showing that the deed was intended as a mortgage to secure the payment to Reeves of a certain sum of money due to him by plaintiff George S. Porter, the husband, and that, upon payment of the money, the grantee should re-convey to plaintiffs. When the money was paid, Reeves re-conveyed to the plaintiffs. The remaining facts are stated in the opinion of the court.

*O. R. Coghlan,* and *Moore, Laine & Johnston,* for Appellants.

We insist that by the removal from the premises to San Francisco, and thence to Arizona, and becoming a citizen there, the property lost its character as a homestead, and was a formal abandonment under section 1243 of the Civil Code. For it ceased to be a homestead when it thus ceased to be a *residence* and needed no written abandonment; that sort of a document is only necessary when it remains the residence. (Civ. Code, § 1237; Thompson Homesteads, § 284; *Cabeen* v. *Mulligan,* 37 Ill. 230; *Trawick* v. *Harris,* 8 Tex. 312; *Fergus* v. *Woodworth,* 44 Ill. 377.)

The deed of conveyance from plaintiffs to Reeves completely destroyed the homestead right, as it was "a grant thereof executed and acknowledged by the husband and wife." (Civ. Code, § 1243; *Guiod* v. *Guiod,* 14 Cal. 506; *Espinosa* v. *Gregory,* 40 Cal. 58.)

*Joseph McKenna,* for Respondents.

The homestead was claimed February 17, 1872, that is, under the Act of 1851, as amended in 1860 and 1862, and then, as now, residence was necessary to initiate a homestead but not to continue it. (1 Hittell's General Laws, pp. 511, 512.)

Section 2, as amended, provides: " . . . . said homestead shall be deemed to be abandoned when a declaration thereof in

writing, executed and acknowledged by the owner thereof, and acknowledged by the wife, if the owner be married and the wife be a resident of the State, in the same manner as required by law in the case of a conveyance by her of her separate real property, is filed for record in the recorder's office in which the declaration of claim to the same is recorded." (1 Hittell, p. 512.)

By a well-known rule of construction a manner of abandonment being provided, all others are excluded.

Section 1243 provides as follows: "A homestead can be abandoned *only* by a declaration of abandonment or a grant thereof, executed and acknowledged, first, by the husband and wife, if the claimant is married; second, . . . ."

And section 1244 provides, emphasizing and supplementing section 1243, that the abandonment is effectual *only* from the time it is filed in the office in which the homestead was recorded.

In view of these plain provisions can it be claimed that a removal from the homestead by the husband, with which the wife must comply or be deemed guilty of desertion (Civ. Code, § 103), is an abandonment of it?

The conveyance to Reeves and the instrument from him to plaintiffs were a mortgage, and were not an abandonment of the homestead. (*Mabury* v. *Ruiz*, 58 Cal. 11.)

The COURT.—The homestead regularly declared to be such was not abandoned by the removal of the husband Porter from the premises and residing with his family elsewhere in the State, or by his removal from the State to the Territory of Arizona with his family when employed to go there by Clark, and remaining in such employment since April, 1877, becoming a citizen of the Territory, voting in its elections, and offering himself as a candidate for office therein. It is found that when Porter and wife removed from their homestead, they did not intend to relinquish or abandon it, but intended to return thereto and make it their home, and that Mrs. Porter accompanied her husband to Arizona, because she believed it was her duty to do so, and with no intention to relinquish her residence in this State, understanding that her absence was only to be temporary, and during all the time she lived in the Territory she claimed to be a resident of California, to have her homestead in Suisun, and intended to return thereto and occupy it as a home.

The removal and residence above mentioned were not an abandonment. (See § 2, Act 1851, as amended in 1862; Stats. 1862, p. 519; and Civ. Code, §§ 1243, 1244.) Nor was it abandoned by the mortgage to Reeves by husband and wife, as security for money, and a reconveyance by Reeves to the husband, when the debt secured was paid Reeves by him. Under our law we know of no abandonment of the homestead except in the statutory mode. The homestead having once been regularly created out of a parcel of land, in accordance with the statute, the estate so created continues to exist until put an end to in the mode pointed out by the statute. The grounds of abandonment urged are not within those fixed and recognized by the statute. In our decisions in regard to homesteads, we are bound to follow the statutes on the subject. If hard cases should arise, a provision for avoiding them must be by an alteration of the law by the legislative department of the government. The courts are in this regard without power.

Judgment affirmed.