| 68 | 559 |
| 87 | 502 |
| 68 | 559 |
| 101 | 566 |

[No. 9098. Department One. —February 25, 1886.]

## JOHN G. KLUMPKE, APPELLANT, *v.* GEORGE H. BAKER ET AL., RESPONDENTS.

DEED — GRANT BY HUSBAND TO WIFE — SUBSEQUENTLY ACQUIRED TITLE — RELATION. — Where a husband conveys land to his wife, using apt words of grant, without other words in any part of the deed indicating a less estate, a fee-simple title is presumed to pass to her; and a naked legal title subsequently reconveyed to the husband by trustees to whom he had executed a deed of trust to secure the payment of a debt does not inure to the community, but passes by operation of law to the wife by virtue of his former grant to her.

TAXATION — ASSESSMENT OF LAND TO PERSON NOT OWNER — VOID TAX DEED. — A tax deed based upon an assessment of land not made to the true owner, he being known, but to a person who had no title thereto, is void.

APPEAL from an order of the Superior Court of the city and county of San Francisco granting a new trial.

The facts are stated in the opinion.

*E. W. Ashby*, for Appellant.

*W. C. & I. Burnett*, for Respondents.

FOOTE, C.—The appellant, Klumpke, instituted this action to quiet the title to land which he had bought at tax sale.

The court below (the trial being had without a jury) gave judgment for him, but afterwards, on motion of defendants, made and entered an order granting them a new trial, and from that this appeal is prosecuted.

That tribunal assigned as a reason for making the order that, as appeared from the record, the title to the land at the time of its assessment for taxes was in one of the defendants, Mrs. Mary A. Baker, and it had been assessed to George H. Baker. The appellant denies that such was the fact, and alleges that the owner of the land was George H. Baker.

It appears that the latter obtained title to the land by deed from the Central San Francisco Homestead Association on August 3, 1869. That on November 1, 1875, he made a conveyance of it to his wife, Mary A. Baker, who entered into possession thereof, and has so remained ever since, claiming it as her separate property under that deed.

That on the second day of May, 1870, he executed a deed of trust conveying the same property to E. W. Burr and B. D. Dean, as trustees for the Savings and Loan Society, the object thereof being to secure the payment to said society of a loan of money made to him.

That said money was paid on the 17th of August, 1876, and reconveyance under the terms of the trust deed made by said trustees to George H. Baker; that the land was sold for the taxes of the year ending June 30, 1881, and a deed thereof made to the plaintiff by the tax collector on the 11th of August, 1882.

The grounds of the plaintiff's claim to the land under his tax deed were:—

1. That the deed which George H. Baker made to his wife had no greater effect than an instrument of quitclaim, and that therefore no title afterwards acquired by him would inure to her benefit.

2. That even conceding the deed to be in fact one "granting" the land, the husband's after-acquired title

inured to the benefit of the community, and as such was properly assessed to the husband.

It is plain from an examination of the conveyance from the husband to his wife of November 1, 1875, that containing as it did the word "grant" in the proper clause thereof, without other words in any other part of the deed indicating a less estate, a fee-simple title must be presumed to have been intended to pass.   (Civ. Code, sec. 1105; *Mabury* v. *Ruiz*, 58 Cal. 11–15.)

And the title which the husband afterwards acquired coming by a reconveyance to him of a naked legal title from those to whom he had executed the deed of trust to secure the payment of a debt, did not inure to the community, but passed by operation of law to his wife, by virtue of his former conveyance to her by grant.   (Civ. Code, secs. 1072 and 1106; *Montgomery* v. *Sturdivant*, 41 Cal. 290.)

The land in controversy, not having been assessed to its true owner, she being known, but to her husband, who had no title thereto, the tax deed to the plaintiff gave him none.   (Pol. Code, sec. 3628; *Hearst* v. *Egglestone*, 55 Cal. 365.)

The order should be affirmed.

BELCHER, C. C., and SEARLS, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the order is affirmed.