BULL v. COE, Administrator, and Others.*

No. 12,055; September 30, 1887.

15 Pac. 123.

**Homestead — Mortgage — Foreclosure — Presentment of Claim Against Decedent.**—Under Code of Civil Procedure, section 1475, providing that claims secured by liens or encumbrances "on the homestead" must be presented and allowed as other claims against the estate, a deed absolute, intended as a mortgage, executed by a husband and wife upon the wife's separate property, which had been

*For subsequent opinion on appeal, see 77 Cal. 54, 18 Pac. 808.

declared a homestead, to secure the debt of the husband, cannot be foreclosed after the death of the husband, no claim having been presented against the estate.

**Homestead — Foreclosure of Mortgage — Estate of Decedent.—** The provision of Code of Civil Procedure, section 1500, that an action may be brought to enforce a mortgage or lien against the property of a deceased person where all recourse against any other property of the estate is expressly waived in the complaint, has no application to a mortgage upon a homestead, whether a probate homestead or one selected and recorded before the death of decedent.

**Homestead—Mortgage—Failure to Present Claim to Administrator.—**Where the homestead, upon which the foreclosure of a mortgage is sought after the death of one of the mortgagors, has been released from the lien of the mortgage by the failure of the mortgagee to present his claim against the estate within the time limited for that purpose, the foreclosure proceedings cannot be sustained on the ground of an abandonment by the attempt of the survivor to get a homestead on other property after the expiration of the time for the presentation of claims.

**Homestead.—By Civil Code, Section 1243, a Homestead can be Abandoned** only by a declaration of abandonment or a grant thereof; and the execution of a deed of the homestead absolute in form, but intended as a mortgage, is not an abandonment.

**Homestead—Enforcement of Mortgage for Excess.—**Where a homestead has been released from the lien of a mortgage by the failure of the mortgagee to present his claim against the estate of one of the deceased mortgagors, if the right to enforce it as to any excess above five thousand dollars remains, the burden of proof is upon the mortgagee to show the existence of such excess.

APPEAL from Superior Court, Los Angeles County; A. Brunson, Judge.

Wells, Vandyke & Lee for appellant; Bicknell & White and Chapman & Hendrick for respondent.

HAYNE, C.—The defendant, Hattie W. Strong, and her husband, by a deed absolute in form, mortgaged to the plaintiff the wife's separate property, upon which a homestead had been declared, to secure a debt of the husband. The husband died and the defendant Coe was appointed administrator of his estate, and as such gave notice to the creditors to present their claims. The plaintiff did not present any claim, but commenced an action to foreclose the mortgage, under section 1500 of the Code of Civil Procedure, stating in his complaint

that he waived all recourse against the other property of the estate. The court below gave judgment for the defendants and the plaintiff appeals.

In the case of Camp v. Grider, 62 Cal. 21, it was held that section 1500 applies only to "mortgages and liens other than liens and encumbrances on the homestead," and that claims secured by liens and encumbrances on the homestead are required to be presented under section 1475. We see no ground for saying that the rule applies only to probate homesteads. Section 1475 expressly mentions "the homestead selected and recorded prior to the death of the decedent"; and it was this "homestead" which the section refers to when it says that, "if there be subsisting liens or encumbrances on the homestead, the claims secured thereby must be presented and allowed as other claims against the estate." To say otherwise would be to make the necessity for the presentation of claims secured by liens upon the homestead dependent upon the intention of the survivor to apply or not to apply to have the property set off as a probate homestead. In view of the fact that there is no time limited for the making of such an application, this test would be too uncertain; and it cannot be supposed that the legislature intended it. Such a test would enable the survivor to lull the creditor into the belief that the application was not going to be made, and, after the time for the presentation of claims had expired, to cut him out by having the property set off as a probate homestead. We think, therefore, that the rule of Camp v. Grider is not to be limited to cases where application is made to have the property set off as a probate homestead.

Nor does it make any difference that the property upon which the homestead was declared was the separate property of the wife. The debt was the debt of the husband, and the claim for it was against his estate. The language of section 1475 is general, and contains no limitation dependent upon the ownership of the property upon which the homestead was declared. It may well be that, in the opinion of the legislature, it was necessary for the probate court to have before it all the facts as to homestead, so as to enable it to act intelligently upon an application to set off a probate homestead or in applying the funds of the estate in paying off particular liens. At any rate, the requirement of the statute is general,

and we do not think the court is warranted in limiting it. The failure to present the claim, therefore, released the homestead from the lien of the mortgage. It is not necessary to consider whether the mortgage can be enforced as to any excess which there may be over the sum of five thousand dollars, for it does not appear that there was any such excess in this case. And, if we assume that the mortgage could still be enforced as to that, we think it incumbent upon the party whose right to recover depends upon the existence of such excess to show that it in fact exists.

The appellant contends that the parties did not reside upon the property at the time the homestead was declared. But the court finds the fact in favor of the respondent; and, while the testimony of the witness Russell is subject to some criticism for ambiguity, we cannot say that the finding is unsupported by the evidence. It is also contended that the homestead was abandoned by the attempt of the survivor to get a homestead on other property. But, in the first place, this attempt was not made until the expiration of the time for the presentation of claims; and in the second place, a homestead in this state can be abandoned only in the manner specified in section 1243 of the Civil Code. There is no pretense that the acts mentioned in that section were done. The deed to the plaintiff, though absolute in form, was a mortgage, and hence did not operate as an abandonment: Mabury v. Ruiz, 58 Cal. 15; Porter v. Chapman, 65 Cal. 365, 4 Pac. 237.

We therefore advise that the judgment and order denying a new trial be affirmed.

We concur: Belcher, C. C.; Foote, C.

By the COURT.—For the reasons given in the foregoing opinion the judgment and order are affirmed.