[No. 13922.   In Bank. — March 7, 1891.]

## A. D. LOGAN ET AL., APPELLANTS, v. LAUGHLIN McB. ROSE ET AL., RESPONDENTS.

DEDICATION OF STREETS — MAP AND SALES OF LOTS — OFFER OF DEDICA-TION. — The making of a map of a town by the owner of land, upon which blocks and streets are laid out, and the sale of lots with reference thereto, constitute an offer of dedication of the streets as delineated upon the map.

ID. — ACCEPTANCE — PUBLIC USER OF PART. — The user by the public of part of the width of a street delineated upon the map, to the extent of eighty feet out of a proposed width of one hundred and fifty feet, con-stitutes an acceptance of the dedication, and makes it complete to the extent of the user.

ID. — REVOCATION — DEED OF PART — LESSENING WIDTH. — Where the public user of eighty feet of the width of the proposed street has con-tinued for a long time prior to any attempt to revoke the offer of dedi-cation, the owner of the land cannot by a subsequent deed of ninety feet in width of the street as originally proposed reduce its width to sixty feet.

ID. — DEDICATION BY HOLDER OF DEED IN TRUST. — It cannot be objected that the dedication was made by the holder of a deed in trust who had no authority from the beneficial owner to make it, if both the trustee and the beneficial owner sold land with reference to it, and the street was accepted by the public by using it as a street and highway as against both of them.

ID. — PRESUMPTION OF TITLE. — If there is nothing on the face of a deed to indicate a trust capacity in the grantee, and no evidence is given as to the character of the trust, he must be presumed to have taken the fee-simple title to the land, and to have been authorized to dedicate a street.

APPEAL from a judgment of the Superior Court of Butte County, and from an order denying a new trial.

The facts are stated in the opinion.

*A. F. Jones,* for Appellants.

*Gray & Sexton, F. C. Lusk,* and *Lewis Freer,* for Re-spondents.

FOOTE, C. — This action was for damage against Rose as road-master, and the other defendants as his employ-ers, advisers, etc., for the removal of embankments or approaches to the plaintiffs' warehouses.

At the trial, on the conclusion of the plaintiffs' case, it appeared that neither Gray, Streeter, nor Smith, three of the defendants, had anything to do with the matter, so that a nonsuit was granted as to them.

After the argument and submission of the case, the court, sitting without a jury, gave judgment in favor of the defendant Rose for costs, and dismissed the plaintiffs' complaint on its merits. From the judgment, and an order denying a new trial, the plaintiffs appeal.

They claimed the right to use and possess the land in controversy under a lease from the Central Pacific Railroad Company, who had derived its title by deed from Charles Crocker, and he by deed from the Contract and Finance Company. The defendants claimed that the land was dedicated to the use of the public as a street in the town of Biggs, in Butte County, before the plaintiffs obtained their lease.

The main question at issue here is, whether the tenth finding of fact in reference to that dedication is sustained by the evidence. The plaintiffs claim that the street was dedicated only to the extent of sixty feet in width, but admit that if the dedicated width was of as much as eighty feet, then the judgment and order should be affirmed.

The theory of the case as presented by the appellants seems to be, that Charles Crocker (in whom the legal title was vested by the Contract and Finance Company on October 26, 1875), by his deed of April 28, 1886, conveying to the Central Pacific Railroad Company a strip of land ninety feet wide, which was a part of the land he acquired by his deed from the Contract and Finance Company, revoked any offer of dedication of the land in controversy as a street which had been before made, and that this revocation took place prior to any acceptance by the public of the street.

There was evidence which tended to show that as early as 1870 or 1871 there was a map made of the town of

West Biggs by the then owner of the land, upon which there was laid out blocks and streets, which last were all indicated to be eighty feet wide, except the one in controversy here, called California Street. Between the east line of the blocks of land as laid out, and the track of the Central Pacific Railroad, that map shows a space of 150 feet wide, in which is written the words "California Street." While the Contract and Finance Company owned land in Biggs, they made deeds to V. Bunnell, J. R. Buffington, M. Rosenberg, and T. R. Fleming of certain portions of it, described as being in certain "blocks" as laid down on that map. When Crocker became the owner, he made deeds of other lands so described, with reference to that map, to T. R. Fleming, Benjamin McVay, Sylvanus Shurtleff, S. Stockwell, William Bolt, and Barney Mushholt.

The map as originally made contained the words, between the front of blocks on the west side of the railroad track, "California Street." A line in pencil running along the space between the front row of blocks on the west side, and the railroad track, and running through the written words "California Street," indicated the street as sixty feet wide. This line was run in pencil just before the deed of Charles Crocker to the Central Pacific Railroad Company, which deed was not made until April 28, 1886, many years after the map was made, and the deeds to the various parties to whom Mr. Crocker and the Contract and Finance Company had sold blocks or parts of blocks of land with reference to the map, the first deed of the latter having been made as early as August 18, 1873, and the earliest of the former having been made May 15, 1878, the last of these deeds to individuals having been made by Mr. Crocker on October 11, 1884.

The evidence introduced by the defendant tended to show that the public had used this strip marked "California Street" as a highway or street for about fifteen

years before the commencement of this action, to the extent of eighty feet wide, and that the encroachments removed by the defendant were upon the line of the street, taking it at eighty feet.

It is apparently claimed by the plaintiffs that even if a dedication of the street at eighty feet wide had been offered by the making of the map, and the sale of land with reference thereto, that when Charles Crocker, in 1886, deeded the ninety-feet-wide strip to the Central Pacific Railroad Company, that this was a revocation of the offer, and that up to that time the public had never accepted the dedication by user.

It was said in *People* v. *Reed,* 81 Cal. 79: " Conceding that a platting of property and sale of lots constitutes a dedication, as between the owner and purchasers under him, of the streets delineated on the map, in order to constitute a dedication which can be taken advantage of by the public authorities of a city, the offer of dedication must have been accepted by such authorities, either by user or some formal act of acceptance." And at page 80 it said: " Such acceptance must be within a reasonable time after such offer of dedication, and if not accepted, the owner may resume the possession of the property, and thereby revoke his offer."

Tested by these rules, which seem to have been approved in *City of Eureka* v. *Croghan,* 81 Cal. 527, and *City of Eureka* v. *Armstrong,* 83 Cal. 623, it appears to us that in this case there existed a sufficient offer of dedication by the making of the map, and the sale of lands with reference thereto. The user by the public for a long time prior to what is claimed to have been a revocation by the deed of Charles Crocker to the Central Pacific Railroad Company, under whom the plaintiffs claim by lease of the premises, is a sufficient acceptance of such offered dedication to make it complete before the attempted revocation, at least to the extent of a street

eighty feet in width, which is enough for the purposes of this matter.

The further point is made that Charles Crocker, as trustee to the Central Pacific Railroad Company, had no authority to dedicate the land for a street. It does not appear distinctly from the record whether the Contract and Finance Company or Mr. Crocker first made the map, but they both sold land with reference to it, and the land was accepted by the public in using it as a street and highway as against both of them. But in addition to this, there is nothing in the record to show any trust expressed in the deed from the Contract and Finance Company to Crocker. On the face of the deed it must be presumed that he took the fee-simple title to the land. (Code Civ. Proc., sec. 1105; *Mabury* v. *Ruiz*, 58 Cal. 11–15.)

There is nothing in the evidence sufficient to rebut this presumption, or to show any kind of a trust capacity which Crocker bore inconsistent with the right to dedicate the land. At the most, the *parol* evidence was a declaration or opinion of the witness that Crocker held the land in a trust-capacity, but as to the character of that trust no evidence whatever is given. We think the evidence sufficient to sustain the finding, and advise that the judgment and order be affirmed.

VANCLIEF, C., concurred.

HAYNE, C. concurred in the conclusion.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.