[Sac. No. 332. In Bank.—July 2, 1898.]

SACRAMENTO BANK, Respondent, v. ISRAEL P. ALCORN et al., Appellants.

TRUST DEEDS—VALIDITY—STARE DECISIS.—The validity of trust deeds, used as security for loans, has been upheld in numerous cases decided since the adoption of the codes, and these decisions have become a rule of property which should not be disturbed, even if erroneous; and, under the maxim of *stare decisis*, it cannot be considered as open to discussion whether such trusts are for a purpose not authorized by section 857 of the Civil Code, or whether they are void as restraining alienation for a period not dependent upon the duration of life.

ID.—EFFECT OF TRUST DEEDS—RIGHTS OF TRUSTOR.—Under the decisions, trust deeds, though passing the legal title to the trustees, are practically little more than a mortgage, with a power to convey. They convey no right of possession; and the trustor may remain in possession, and, until the execution of the trust, may sue to recover the possession, even when the trust deed is silent upon that subject. He may file his declaration of homestead, and hold the premises against creditors not secured by the deed of trust or other valid lien. He may devise or transfer the property subject to the trust, and the devisee or grantee acquires a legal estate against all persons except the trustees, and persons lawfully claiming under them. When the purpose of the trust ceases, the estate of the trustees also ceases. None of the incidents of ownership attach to the trust, except that the trustees are deemed to have such estate as will enable them to convey; and the trust, so limited, has all the characteristics of a power in trust.

ID.—LEGISLATIVE RECOGNITION OF TRUST DEEDS. — The provisions of sections 3617, 3627, and 3629 of the Political Code upon the subject of taxation, recognize trust deeds as existing property, and sections 574, 2872, and 2924 of the Civil Code impliedly recognize them as an existing mode of securing loans; and if these sections do not themselves constitute an exception to the rule established by section 857 of the Civil Code, they at least recognize and add weight to the judicial construction of that section as authorizing trust deeds with a power of sale for purposes of security. These statutes do not refer solely to trusts for an immediate sale, where debts are due; and the authority given in section 574 of the Civil Code to savings banks to loan money upon such security and to purchase at sale thereunder, implies the contrary.

APPEAL from a judgment of the Superior Court of Kings County and from an order denying a new trial. Justin Jacobs, Judge.

The facts are stated in the opinion of the court.

W. W. Middlecoff, and John T. Pryor, for Appellants.

Trust deeds for purposes of security are not authorized by section 857 of the Civil Code, the power of sale not being imperative. (*Cooke v. Platt,* 98 N. Y. 35; *Chamberlain v. Taylor,* 105 N. Y. 185; *Woerz v. Rademacher,* 120 N. Y. 67; *Sternhardt v. Cunningham,* 130 N. Y. 292.) Such deeds, made to secure loans payable at the end of a term of years, are invalid as suspending the power of alienation during a fixed period, which may extend beyond lives in being. (Civ. Code, secs. 715, 716, 771; *Hawley v. James,* 16 Wend. 61; *Cruikshank v.*

*Home for the Friendless*, 113 N. Y. 337; *In re Walkerly*, 108 Cal. 627; 49 Am. St. Rep. 93; *Field v. Field*, 4 Sand. Ch. 528.)

Freeman & Bates, for Respondent.

The validity of trust deeds, under the code, has been determined in numerous decisions. (*Savings etc. Soc. v. Burnett*, 106 Cal. 514; *Partridge v. Shepard*, 71 Cal. 470; *Carey v. Brown*, 62 Cal. 373; *More v. Calkins*, 95 Cal. 435; 29 Am. St. Rep. 128; *Koch v. Briggs*, 14 Cal. 256; 73 Am. Dec. 651.) The understanding of the courts coincides with that of the legislature. (Civ. Code, secs. 574, 2258, 2872, 2924.) A power to sell real property, within a reasonable period, is not within the rule against perpetuities. (*Hope v. Brewer*, 136 N. Y. 126; *Deegan v. Wade*, 144 N. Y. 573; *In re Cooper's Estate*, 150 Pa. St. 576; 30 Am. St. Rep. 829; *In re Tower's Estate*, 49 Minn. 371; *South Hampton v. Hertford*, 2 Ves. & B. 54, 65; *Bateman v. Hotchkin*, 10 Beav. 426; *Silk v. Prime*, 1 Brown Ch. 138.) A trust deed is not void as suspending the power of alienation, where all parties in interest, including the trustees and beneficiaries, have the power at any time to convey a legal title, by joining in a deed of the property. (*Briggs v. Earl of Oxford*, 1 De Gex, M. & G. 363; Civ. Code, secs. 716, 2282, subd. 4; *Radley v. Kuhn*, 97 N. Y. 26.) The trust deed, if not valid as such, is effective as a mortgage with a power of sale. (Civ. Code, secs. 858, 2920, 2924, 2932.)

TEMPLE, J.—This action was brought to determine conflicting claims to real property.

In May, 1893, defendant and wife conveyed the property to trustees, to secure a sum of money then loaned by the bank to Alcorn, due according to the terms of a promissory note. The note by its terms became due one year from date. The deed of trust provided that if the debt was paid the trustees should reconvey to the trustors, but if default were made they were authorized to sell after certain designated notice and to convey to the purchaser. The moneys realized were to be appropriated to payment of the debt and certain charges, and the residue, if any, returned to the grantors in the deed. The interest was to be paid annually, and in case of a default in the

payment of interest the trustees were authorized to sell. A sale was made on the 28th day of December, 1895, and it is not claimed that the proceedings for a sale, or the deed, are deficient.

Plaintiff claims under the sale, and the questions here arise upon objections made to the introduction of the trust deed in evidence.

But two points are made by appellants, and it seems to be agreed that these questions are properly presented upon the record.

1. The trust was for a purpose not authorized by section 857 of the Civil Code, and the deed is, therefore, void.

2. The trust deed is void because it restrains alienation for a period not dependent upon the duration of life. (Civ. Code, secs. 715, 716, 771.)

The appeal is supported by very elaborate and forcible briefs, which, if the questions were open for consideration, would challenge and receive serious and careful examination, but we do not think the matter can now be considered open for discussion. Our own records will disclose the fact that trust deeds have been quite frequently used as security for loans. Their validity has been upheld in numerous cases, beginning very soon after the adoption of the code and continuing until the present time. (*Bateman v. Burr*, 57 Cal. 480; *Durkin v. Burr*, 60 Cal. 360; *Carey v. Brown*, 62 Cal. 373; *Savings and Loan Soc. v. Deering*, 66 Cal. 281; *More v. Calkins*, 95 Cal. 435; 29 Am. St. Rep. 128; *Savings and Loan Soc. v. Burnett*, 106 Cal. 528.)

These decisions, which have been uniform, establish a conclusion which has become a rule of property, and however thoroughly we might now be convinced that the rule is erroneous, it should not be disturbed. Doubtless many people have invested their money, relying upon this construction of the law by the highest tribunal of the state, while those who have executed such deeds have done so with the expectation that they would be held valid. Ruin and injustice would result from such a decision as is now sought. If the question as to whether the rule of *stare decisis* shall prevail be one of policy, there is here no balancing of the evil done against a good attained. The result would be evil only.

It is said that in none of the cases heretofore decided was the point raised. Whether it was or not may be a matter of argument. In *Bateman v. Burr, supra,* it was contended that the deed did not pass the legal title, and that the trustees, not being the owners of the fee, could not sell as provided in the trust deed. True, the argument urged was that the deed, having been given as security for a debt, was a mortgage only, and therefore did not carry the fee. This was an argument merely. The question was whether the instrument was operative as a deed. If void, it certainly did not confer power upon the trustees to sell. It was decided that it did confer such power.

And if the effort to create a trust failed, because trusts for that purpose are prohibited, it would seem to follow that the instrument would be a mortgage, and the question whether it is a mortgage or a conveyance is the real question involved and the proper one to discuss. Counsel say it does not purport to be a mortgage, but to convey a fee in trust. True, neither does an absolute deed purport to be a mortgage, but it is shown to be so when it is established that it was given to secure a debt. The trust deed purports to have been given to secure a debt, and, if the attempt to create a trust is ineffectual, it presents all the elements of a mortgage.

Indeed, under the decisions, it is practically, though not in legal effect, little more than a mortgage with power to convey. The legal title passes, but it conveys no right of possession and the trustor may remain in possession, and, until the execution of the trust, may maintain an action to recover possession even when the trust deed is silent upon the subject of possession. (*Tyler v. Granger,* 48 Cal. 259.)

Notwithstanding the deed of trust, the trustor may file his declaration of homestead, and hold the premises as such against his creditors who are not secured by the trust deed or some valid lien. (*King v. Gotz,* 70 Cal. 236.)

Notwithstanding the trust, the trustor may devise or transfer the property subject to the trust. (Civ. Code, sec. 864.) And the devisee, or grantee, acquires a legal estate against all persons except the trustees and persons lawfully claiming under them. (Civ. Code, sec. 865.) And when the purpose of the trust ceases the estate of the trustees also ceases. (Civ. Code,

sec. 871.) Under these decisions and statutes it would seem that, while we must say that the title passes, none of the incidents of ownership attach, except that the trustees are deemed to have such estate as will enable them to convey. So limited, such a trust has all the characteristics of a power in trust.

As originally adopted the Civil Code had a title authorizing. and defining powers, and section 894 of that title provided as follows: "A power is a lien upon the real property which it embraces from the time the instrument in which it is contained takes effect, except," etc. The following section, 895, was almost identical with the present section, 858, in regard to the power to sell contained in a mortgage. The title in regard to powers was repealed, but in one respect the creation of a power is still authorized by the code. The continuance of this power in a mortgage is as inconsistent with the general policy of requiring all forced sales to be subject to redemption as are trust deeds.

The legislature has also recognized these deeds of trust as an existing mode of securing loans. We do not place much value upon the mention of deeds of trust in the constitution. It was well enough to provide for the taxation of any property that the legislature could create or authorize to be created. Similar remarks may perhaps be made in regard to the various provisions authorizing savings banks to deal in such securities—although this is not quite so obvious. The provisions in the Political Code, sections 3617, 3627, 3629, cannot be so explained. These must be understood as referring to existing property, and not to something which might be thereafter brought into existence under future laws. Sections 2872 and 2924 of the Civil Code also imply the present existence of such property.

Nor do we think these statutes can be understood as referring only to trusts for an immediate sale. It is possible that a trust to effect an immediate sale for the benefit of creditors whose debts are due, may also be security for the debts while the sale is being made. But such trusts would not call for the regulations provided in the statutes referred to, and authority to savings banks to loan money upon such trusts would be fatuous.

If these statutes are not in themselves sufficient, as against the statute defining the purposes for which trusts can be created, to authorize these trust deeds, as an exception to the rule, they nevertheless recognize and add weight to the judicial decisions which practically hold that they are authorized by section 857 of the Civil Code, and which rulings, long acquiesced in, have become a rule of property not now to be reversed though erroneous.

We do not care to enter into discussion of the second point, as to whether these trust deeds are prohibited by the code provisions against restraints on alienation. We are much impressed by the argument of counsel for appellants upon that subject. Under the decisions limiting the effect of such deeds they are hardly within the evils to avoid which those sections were passed. The right to the possession and full enjoyment of the property is not rendered inalienable. But the legislature can correct the evil if there be one. The courts cannot do so without producing widespread distrust and confusion, and we think upon well established and sound principles of jurisprudence ought not now to interfere.

The judgment and order are affirmed.

McFarland, J., Garoutte, J., Van Fleet, J., Henshaw, J., and Harrison, J., concurred.