[S. F. No. 3143. In Bank.—June 21, 1906.]

## ADOLPH C. WEBER, Appellant, v. MARY E. McCLEV-ERTY, Respondent.

ESTATES OF DECEASED PERSONS—PRESENTATION OF CLAIM—HOMESTEAD SUBJECT TO DEED OF TRUST—EXTINGUISHMENT BY SALE.—Under a homestead declared by a widow, during the life of her deceased husband, upon community property which was subject to a deed of trust to secure money loaned to the husband, empowering the trustees to sell the land for default in payment, no presentation of the debt as a claim against the estate of the deceased husband was prerequisite to the execution of the power of sale. Such deed of trust is not a lien or encumbrance requiring presentation or allowance, but passed title to the trustees, and a sale by them under the power extinguished the homestead which was subject thereto.

HOMESTEADS—POLICY OF LAW—LIMITS OF POLICY.—Though it is the policy of the law to favor homesteads to a certain extent, for the preservation of homes and families, yet there is a limit beyond which this policy should not be allowed to control; and it should not be invoked to establish a new application and interpretation of a statute, contrary to its true meaning.

ID.—CONSTRUCTION OF CODES—EFFECT OF DEED OF TRUST.—The different codes are to be harmonized and construed together. Under sections 1114 and 2872 of the Civil Code, taken together, a deed of trust is neither a lien nor an encumbrance; and section 1180 of the

Code of Civil Procedure, enacted prior to the amendment of section 2872 of the Civil Code, should be construed as modified by that section, and as not contemplating the foreclosure of deeds of trust; nor should a deed of trust to which a homestead is subject be deemed governed by section 1475 of the Code of Civil Procedure.

ID.—SALE UNDER DEED OF TRUST—PROPERTY OTHER THAN HOMESTEAD—DEMAND FOR PRIOR SALE—WAIVER.—Where property other than the homestead property was sold by the trustees the widow had the right to demand that it be first sold to satisfy the debt; but the refusal to comply therewith did not render the sale void, but only voidable at her option; and she could waive her right to set it aside, and if she took no action to vacate it the sale would stand.

ID.—ACTION BY PURCHASER—INSUFFICIENT ANSWER.—In an action by the purchaser under the sale by the trustee to recover the land sold against the widow, an answer which does not show that the value of the property, including the homestead, exceeded the debt, nor that a separate sale would have saved her homestead, nor anything to indicate that a sale in parcels would have been more beneficial to her than the sale as an entirety, nor that the purchaser had notice of the demand for a separate sale or of the declaration of homestead, does not state facts which would warrant a decree against the plaintiff avoiding the sale.

APPEAL from a judgment of the Superior Court of Alameda County. John Ellsworth, Judge.

The facts are stated in the opinion of the court.

C. E. Hatch, and Alexander D. Keyes, for Appellant.

R. M. Fitzgerald, and Campbell, Fitzgerald, Abbott & Fowler, for Respondent.

SHAW, J.—The plaintiff sued the defendant to recover possession of a certain tract of land. Judgment was given for the defendant in the court below, and the plaintiff appeals on the judgment-roll and a bill of exceptions containing the evidence.

The main defense is that the title of the plaintiff was acquired solely by purchase and conveyance to him from certain trustees at a sale of this and other tracts of land, made by them under a deed of trust of the lands, executed to them by Charles McCleverty, the husband of defendant, giving them power to sell the lands, in default of the payment of

a debt owing to the Humboldt Savings and Loan Society, and apply the proceeds in payment upon the debt; that after the execution of the deed of trust, and while she and her said husband were residing on the tract sued for, she recorded a duly executed declaration of homestead thereon, it being community property; that thereafter, and before the trustees' sale, her said husband died, she became executrix of his estate, was duly appointed and qualified, and that no claim against the estate of said deceased for the debt secured by said deed of trust was ever presented to the executrix of the estate. It is claimed that, under the provisions of section 1475 of the Code of Civil Procedure, the power of sale, given by the deed of trust, cannot be enforced against the homestead thus created, except for the deficiency that may remain unpaid on the debt after it has been presented and allowed against the estate and the funds of the estate applied as far as they will go upon its payment, and hence, that a sale to enforce a trust-deed of this character, made without presenting a claim against the estate for the debt, is void.

1. It has not been generally supposed hitherto that this section required the presentation for allowance, against the general assets of an estate, of a claim secured by a deed of trust executed by the deceased in his lifetime, as a prerequisite to the execution of the power of sale created by the deed of trust, as against a homestead selected after the making and recording of the trust-deed. It may be assumed that such powers have heretofore been exercised in like cases without the presentation of any claim, and that some titles to real estate will be unsettled if such prior presentation is now held to be essential. A decision to that effect should not be made unless the terms of the statute clearly require it.

Section 1475 of the Code of Civil Procedure, so far as it applies to the present question, is as follows: "If there be subsisting liens or encumbrances on the homestead, the claims secured thereby must be presented and allowed as other claims against the estate. If the funds of the estate be adequate to pay all claims against the estate, the claims so secured must be paid out of such funds. If the funds of the estate be not sufficient for that purpose, the claims so secured shall be paid proportionately with the other claims allowed, and the liens or encumbrances on the homestead shall only be enforced

against the homestead for any deficiency remaining after such payment.''

The application of this section to the estate of a trustee, holding under a trust-deed made to provide for the payment of a debt of the deceased due to a third person, by virtue of a power of sale for that purpose conferred upon the trustee by the terms of the deed, primarily depends upon the question whether or not the trust-deed, or the estate and power thereby vested in the trustee, can be considered a ''lien or encumbrance'' on the land conveyed to the trustee by the deed, in the sense in which those words are used in the section. If it is neither a lien nor an encumbrance, then that statute has no application to this case. It is not contended that it comes within the technical definition of a lien, but it is earnestly argued that it constitutes an encumbrance.

There can be no doubt that often in contracts, and sometimes perhaps in statutes, the word ''encumbrance'' is used in a connection, or under such extraneous circumstances, that it is very properly given a meaning broad enough to include such a qualified estate or interest as that vested by a deed of trust, or, indeed, any outstanding estate or right in the land, or its attributes, that would limit or qualify an otherwise absolute estate in fee. Equitable considerations frequently require that these or similar terms shall be allowed a wider significance than their technical or natural meaning would permit.

We do not think the present instance is of this character. It is true that it is the policy of the law to favor homesteads to a certain extent, for the protection and preservation of homes and families. But there is a limit beyond which this policy should not be allowed to control. It should not be invoked for the purpose of establishing a new application and interpretation of a statute, contrary to its true meaning and in the face of a long-established understanding and usage based on its true meaning. The different codes are to be harmonized and construed together as parts of the same statute, as far as may be reasonably possible. (Pol. Code, sec. 4480.) Language in one code is often used with reference to similar language, or definitions thereof, contained in another one of the codes. The present case is an instance of this use. The Code of Civil Procedure nowhere defines

the term "encumbrance." In the Civil Code, however, we find its meaning clearly stated. Section 1114 of that code, following a section concerning the effect of covenants against encumbrances on land, declares that "The term 'encumbrances' includes taxes, assessments, and all liens upon real property." In section 2872 of the Civil Code, in the chapter relating to liens, a lien is defined as follows: "A lien is a charge, imposed in some mode *other than by a transfer in trust,* upon specific property, by which it is made security for the performance of an act." A deed of trust is not a tax or assessment, and being, by the terms of the definition, excluded from classification as a "lien," it follows from the language of section 1114 that it is not an encumbrance. Section 1180 of the Code of Civil Procedure defines the term "lien" thus: "A lien is a charge imposed upon specific property, by which it is made security for the performance of an act." The language is the same as in the Civil Code, except that the words "in some mode other than by a transfer in trust" are omitted in the Code of Civil Procedure. If this language could be given a meaning broad enough to include a transfer in trust, which is doubtful, it would have no effect in this case. In that event it would be inconsistent with section 2872 of the Civil Code, which was amended in 1878, six years after the enactment of section 1180 of the Code of Civil Procedure. Section 1180, being the earlier enactment, would be repealed by the later statute, so far as the two were *inconsistent.* Furthermore, as section 1180 of the Code of Civil Procedure constitutes the introductory part of title IV of that code, which title relates to the subject "of the enforcement of liens," its scope should be limited to the liens provided for in that title, and it should not be held to refer to deeds of trust, the foreclosure of which is not there provided for.

In legal effect, a deed of trust does not create a lien or encumbrance on the land, but conveys the legal title to the trustee. In order to execute the trust he must be by the deed so far invested with the absolute title to the land as is necessary to enable him to convey it to the purchaser at the trustee's sale free of all right, title, interest, or estate of the trustor, or of any one claiming under or through the trustor by virtue of any transaction occurring after the making of the trust-

deed. The deed of trust, therefore, vests in the trustee, for the purposes of the trust, the absolute legal title to the entire estate held by the trustor, immediately prior to its execution, and that estate must remain in the trustee for that purpose until the trust is either executed or ceases to exist by reason of payment of the debt. It is consequently legally impossible for the trustee, in his fiduciary capacity, to hold a lien or encumbrance on the land which is the subject of his trust. The existence of a lien or encumbrance vested in one person necessarily implies that the title to the property, interest, or estate covered by the lien or encumbrance is vested in some other person. One cannot at the same time hold an estate in real property and a lien or encumbrance upon that particular estate. The trustee holds title to the entire estate for the purpose of conveying it when required in execution of the trust, and he cannot at the same time hold as trustee a lien on the same estate, for that would necessarily imply that the title to the estate was not vested in him. The estate of the trustee in the land is consequently not a lien thereon, even as that term is defined in section 1180 of the Code of Civil Procedure, conceding it to be in force. It is not a charge on the land, but the very land itself.

A mortgage or other encumbrance on land does not transfer the title, but leaves it vested in the mortgagor or owner. A homestead attaches to whatever estate in the land may be vested in one or both of the spouses. Consequently, when declared on land previously mortgaged or encumbered, it attaches to the legal title, which then becomes the homestead interest, and the mortgage or encumbrance may properly be said to be a subsisting lien or encumbrance on the homestead, and as such it would be governed by section 1475. But it is not so with a deed of trust. It transfers the legal title to the trustee, and, as the homestead applies only to the title vested in one or both of the spouses, and does not affect titles vested in third persons, it follows that the legal title thus vested in the trustee forms no part of a subsequently declared homestead, and that the deed of trust, or the title of the trustee, is not a subsisting lien or encumbrance on the homestead interest.

The decisions of this court, with one exception, are in harmony with these views. In *Sacramento Bank* v. *Alcorn,*

121 Cal. 379, [53 Pac. 813], speaking of the character of a deed of trust, the court says: "Under the decisions, it is practically, though not in legal effect, little more than a mortgage with power to convey. The legal title passes, but it conveys no right of possession, and the trustor may remain in possession, and, until the execution of the trust, may maintain an action to recover possession. . . . The trustor may file his declaration of homestead and hold the premises as such against his creditors who are not secured by the trust-deed. . . . While we must say that the title passes, none of the incidents of ownership attach, except that the trustees are deemed to have such an estate as will enable them to convey." Similar expressions are found in *Tyler* v. *Currier,* 147 Cal. 36, [81 Pac. 319]. In *Hodgkins* v. *Wright,* 127 Cal. 688, [60 Pac. 431], in speaking of such deeds, and evidently intending to epitomize the above passage from *Sacramento Bank* v. *Alcorn,* to which reference is made, the court says: "In effect, they are mortgages with power to sell." The statement that they are in *effect,* or practically, mortgages with power to sell, means only that the practical result of the enforcement of either is the same; that is, the estate held by the mortgagor at the time of the execution of the mortgage, in one case, and that of the trustor at the time of the execution of the deed of trust, in the other case, are by the respective conveyances of the sheriff on foreclosure sale, and of the trustee on trustee's sale, transferred to the respective purchasers at such sales and that in the meantime the mortgagor and trustor, respectively, have the use and enjoyment of the property. All this is true, and yet the entire estate of the trustor, for the purposes of the trust, must during the intervening period be vested as an estate, and not as a lien, in the trustee, otherwise he could not legally convey it in execution of the trust. The case which seems to hold that a deed of trust is an encumbrance, and not an interest in the land is *Williams* v. *Santa Clara Min. Assn.,* 66 Cal. 200, [5 Pac. 85]. The question there arose whether section 1192 of the Code of Civil Procedure, requiring any person "claiming an interest" in land upon which a building was being erected, to give notice that he will not be responsible for the same in order to avoid the enforcement of a lien for the cost of the building against such interest, was applicable to a

deed of trust. The court in effect held that, so far as that section is concerned, the estate created by the trust-deed should not be deemed an interest in the land, so as to require the trustee to give such notice, and said that the deed should be *"treated"* as an encumbrance, and that, the deed having been recorded before the building was begun, it was exempt from the lien by the provisions of section 1186 of the Code of Civil Procedure.

The court merely says that in the application of sections 1186 and 1192 of the Code of Civil Procedure a deed of trust should be "treated" as an encumbrance. This is far from deciding that it is in legal effect an encumbrance; indeed, the context implies an admission that it has no such legal character, and is to be so considered only when, in a court of equity, the ultimate results are to be considered, rather than legal forms and rules. The point received no thorough treatment in the opinion, the code definitions were not mentioned, and although we do not in the least impugn the authority of the decision as a construction of the section of the code there involved, we do not consider ourselves bound to adopt the doctrine as a general principle, and, in the face of the provisions of the Civil Code above given, apply it also to section 1475 of the Code of Civil Procedure.

The claim or interest of the trustees, not being either a lien or encumbrance on the homestead, and the homestead right being subsequent to the deed in point of time and subordinate to it in all respects, it follows that the conveyance of the trustee related back to the estate of the trustor at the time he executed the trust-deed, and transferred to the purchaser the entire right, title, interest, and estate in the land then vested in the trustor, thereby completely extinguishing the homestead.

2. Another defense urged to the action is that, after the death of Charles McCleverty, the trustor, and, before the sale, the defendant, made a demand upon the trustees, and also upon the creditor, the Humboldt Savings and Loan Society, that upon a sale by the trustees to enforce the trust, the property described in the trust-deed other than the homestead should be sold to satisfy the debt before resorting to the homestead, and that said demand was refused and said property sold as a whole.

It may be conceded that the widow had the right to make this demand and, if disregarded to her injury, to maintain an action or cross-action to vacate the sale. But a sale so made would not be absolutely void. It would be at most only voidable at her option. She could waive her right to set it aside, and if she took no action to vacate it the sale would stand. She has filed no cross-complaint, and the answer does not ask that the sale be vacated. Nor does it allege facts which would warrant a decree against the plaintiff declaring it void. It does not show that the value of the property, including the homestead, exceeded the debt, nor that a separate sale would have saved her homestead, nor anything to indicate that a sale in parcels would have been more beneficial to her than the sale as an entirety. The deed of trust authorized the trustees to sell the property as a whole or in parcels, as they saw fit. The purchaser was not the creditor, but, so far as appears from the pleadings and evidence, a mere stranger, buying without notice of any facts except such as would be imputed to him from the contents of the trust-deed. It does not appear that he had notice of the demand for a separate sale, nor that he knew of the declaration of homestead.

The possession of the defendant as executrix and as widow of the testator was entirely consistent with the right of the trustees to sell, and it was not of itself notice of any homestead claim.

The court below erred in its conclusion of law that on the facts alleged and found the plaintiff was not entitled to possession and in giving judgment for the defendant.

The judgment is reversed and the cause remanded for a new trial, and with leave to the defendant to file amended or additional pleadings as she may be advised.

Henshaw, J., Angellotti, J., Sloss, J., Lorigan, J., and Cooper, J., concurred.

NOTE.—Justice McFarland being unable to act, Justice Cooper, one of the justices of the district court of appeal for the first appellate district, participates herein *pro tempore,* pursuant to section 4 of article VI of the constitution.

Rehearing denied.