[Sac. No. 1588. In Bank.—February 24, 1908.]

EMMA J. MacLEOD, Appellant, v. JOE MORAN et al., Respondents.

HOMESTEAD—DEED OF TRUST TO SECURE DEBT NOT AN ABANDONMENT.— Where a homestead has been regularly selected the subsequent execution of a deed of trust by the husband and wife to secure the payment of a debt, though in the form of a grant, is not a "grant" within the meaning of section 1243 of the Civil Code providing the manner for the abandonment of the homestead, but is practically and substantially a mortgage with a power of sale, and does not constitute an abandonment of the homestead.

ID.—EFFECT OF LEGAL TITLE IN TRUSTEES.—In such case the legal title in the trustees is conveyed solely for the purpose of security, and carries no other incident of ownership than the right to convey upon default, but leaves a legal estate in the trustor or his successors as against all persons other than the trustees and those lawfully claiming under them.

ID.—HOMESTEAD MAY BE SELECTED AFTER DEED OF TRUST.—A trustor in possession may select as a homestead property covered by a deed of trust to secure his debt.

ID.—EFFECT OF PAYMENT OF DEBT—CESSATION OF ESTATE OF TRUSTEES —TITLE OF RECORD COMPELLABLE.—Upon the payment of the debt secured by a deed of trust the estate of the trustees absolutely ceases, leaving in them nothing but the bare legal title of record, which they may be compelled to reconvey to the owner to make the record title clear. The reconveyance is no part of the execution of the trust.

ID.—CONSTRUCTION OF CLAUSE IN DEED OF TRUST—ABANDONING HOMESTEAD.—A clause in a deed of trust to secure a debt purporting to abandon all right of homestead is to be construed only as an abandonment to the trustees for the purposes of the trust, and not as divesting the homestead right absolutely. No such express abandonment to the trustees was necessary to enable them to convey the whole property free of claim of homestead to a purchaser at a trustees' sale had in execution of the trust, and the express abandonment can have no further effect.

CLIII Cal.—7

APPEAL from a judgment of the Superior Court of San
Joaquin County. Frank H. Smith, Judge.

The facts are stated in the opinion of the court.

Plummer & Dunlap, for Appellant.

O. B. Parkinson, Jacobs & Flack, and·R. L. Beardslee,
for Respondent.

ANGELLOTTI, J.—The only question presented by this
appeal is whether a certain trust-deed executed by plaintiff
and her husband, A. K. MacLeod, for the purpose of securing
the payment of a debt, constituted an abandonment of a home-
stead theretofore regularly selected by the plaintiff in accord
with the provisions of the Civil Code relative to the selection
of homesteads. The trial court held that such was the effect
of the trust-deed, and gave judgment against plaintiff, and
this is an appeal by plaintiff from such judgment.

The real property involved was community property, hav-
ing been acquired by plaintiff's husband, A. K. MacLeod, after
their marriage and by their joint efforts, and was their family
home. It was regularly selected as a homestead by plaintiff
on May 3, 1902. In January, 1904, the deed of trust was ex-
ecuted and acknowledged by plaintiff and her husband, and
recorded in the office of the county recorder. By this instru-
ment, the husband and wife purported to grant, bargain, sell,
etc., the land in question to M. L. Sims and C. L. Flack in
trust, as security for the payment of four hundred and fifty
dollars with interest, to one Mary E. Sims. The trust-deed
was in the form ordinarily used for such instruments when
given as security for the payment of a debt, authorizing the
trustees, among other things, to sell the property at public auc-
tion in the event of default in the payment of principal or
interest, to execute and deliver a deed on such sale, and to ap-
propriate such portion of the proceeds of sale as was neces-
sary to the payment of the debt and costs. It was provided
therein that if the makers of the deed paid at maturity all
sums secured thereby, the trustees "shall reconvey all the es-
tate in the premises aforesaid to them by this instrument
granted unto the said A. K. MacLeod, or his assigns, at his.

request and cost.'' Immediately following the description by
metes and bounds of the property conveyed, was the follow-
ing: ''And also all the estate, interest, claim and demand,
as well in law as in equity, which the said parties of the first
part may have or may hereafter acquire of in and to the said
premises, with the appurtenances, hereby expressly abandon-
ing all right of homestead in and to said premises.'' On March
23, 1904, there was excuted and acknowledged by the trus-
tees and recorded, a reconveyance of the property to said A. K.
MacLeod, it being recited therein that all the indebtedness
secured by the deed of trust had been paid. On the same day
said A. K. MacLeod executed and delivered a deed of convey-
ance purporting to convey the property to one Edward Stu-
divan, but plaintiff did not join therein. Subsequently, Stu-
divan executed and delivered to defendant Joe Moran a
quitclaim deed of the property. Plaintiff's claim in this action
is that the property is still subject to the homestead claim, and
that the deed from A. K. MacLeod to Studivan was conse-
quently ineffectual for any purpose.

Section 1243 of the Civil Code provides: ''A homestead
can be abandoned only by a declaration of abandonment, or
a grant thereof, executed and acknowledged: 1. By the hus-
band and wife, if the claimant is married.'' While a deed
of trust given simply as security for the payment of a debt
is in a certain sense a ''grant,'' it cannot be held to be a
grant within the meaning of that word as used in section
1243 of the Civil Code. It is settled that the execution of a
deed absolute on its face and purporting to grant the prop-
erty therein described, is not an abandonment of a homestead
where it is, in fact, given solely as security for the payment
of money. (*Merced Bank* v. *Rosenthal*, 99 Cal. 39, 48, [31
Pac. 849, 33 Pac. 732]; *Kennedy* v. *Gloster*, 98 Cal. 143, 147,
[32 Pac. 941]; *Mabury* v. *Ruiz*, 58 Cal. 11; *Porter* v. *Chap-
man*, 65 Cal. 365, [4 Pac. 237].) These decisions are based
upon the fact that such a deed, though in form a grant, is
really only a mortgage, and does not convey the fee. A trust-
deed of the kind here involved differs from such a deed only
in that it conveys the legal title to the trustees so far as
may be necessary to the execution of the trust. It carries
none of the incidents of ownership of the property, other than
the right to convey upon default on the part of the debtor

in the payment of his debt. The nature of such an instrument has been extensively discussed by this court, and the sum and substance of such discussion is that while the legal title passes thereunder, and the trustees cannot be held to hold a mere ''lien'' on the property, it is practically and substantially only a mortgage with power of sale. (See *Sacramento Bank* v. *Alcorn,* 121 Cal. 379, 383, [53 Pac. 813]; *Tyler* v. *Currier,* 147 Cal. 31, 36, [81 Pac. 319]; *Weber* v. *McCleverty,* 149 Cal. 316, 320, [86 Pac. 706].) The legal title is conveyed solely for the purpose of security, leaving in the trustor or his successors a legal estate in the property, as against all persons except the trustees and those lawfully claiming under them. (Civ. Code, secs. 865, 866.) Except as to the trustees and those holding under them, the trustor or his successor is treated by our law as the holder of the legal title. (*King* v. *Gotz,* 70 Cal. 236, [11 Pac. 656].) The legal estate thus left in the trustor or his successors entitles them to the possession of the property until their rights have been fully divested by a conveyance made by the trustees in the lawful execution of their trust, and entitles them to exercise all the ordinary incidents of ownership in regard to the property, subject always, of course, to the execution of the trust. This estate is a sufficient basis for a valid claim of homestead. It was expressly held in *King* v. *Gotz,* 70 Cal. 236, [11 Pac. 656], that the trustor may select as a homestead property covered by such a trust-deed. The estate of the trustees absolutely ceases upon the payment of the debt (Civ. Code, sec. 871), leaving the whole title in the grantor in whom it was vested at the execution of the trust-deed, or his successors, and leaving nothing in the trustees except the bare legal title of record, which they can be compelled to reconvey to the owner simply to make the record title clear. (*Tyler* v. *Currier,* 147 Cal. 31, 36, [81 Pac. 319].) We think it is apparent that the ''grant'' referred to in section 1243 of the Civil Code does not include a deed given solely as security for the payment of money.

Of course, the homestead is by the execution and acknowledgment by both husband and wife of such a conveyance in trust subjected to the lawful execution of the trust, and a subsequent conveyance by the trustees in such lawful execution would convey to the purchaser the absolute title to the

property, free of all claim of homestead.    (Civ. Code, sec. 1242.)    No such effect, however, can be given to a recon- veyance of the legal title by the trustees to the owner after payment of the debt.    Such a reconveyance is no part of the execution of the trust.    The estate of the trustees, as we have seen, is absolutely divested by the payment of the debt, leav- ing the full title in the trustor and his successors, and the reconveyance to the owner or his successor is simply for the purpose of making the record title clear.    (*Tyler* v. *Currier,* 147 Cal. 31, 36, [81 Pac. 319].)

Defendants rely upon the provisions in the trust-deed which we have hereinbefore quoted, as showing an express abandon- ment of the homestead, under section 1243 of the Civil Code.

The provision for the reconveyance by the trustees to A. K. MacLeod, or his assigns, at his request and cost, in the event of the payment of the debt, is of no importance in this regard. It is simply the provision ordinarily inserted in such instru- ments for a reconveyance to the owner, or his successors, upon the payment of the debt, and the consequent termination of the trustees' interest in the property.    The testimony of Mrs. MacLeod sufficiently shows that at the time of the execution of this trust-deed, the title to this community property was in the husband.    It had been acquired *by him,* she said, by their joint effort, and necessarily the reconveyance, if it was to be stipulated for at all, was stipulated to be made to the grantor in whom title was vested at the time the trust-deed was given (*Tyler* v. *Currier,* 147 Cal. 31, 36, [81 Pac. 319]), or to any person to whom such grantor may have assigned it by a valid deed, which, the property being subject to the homestead claim, could only be a deed executed and acknowl- edged by the wife as well as by the husband.

The provision "hereby expressly abandoning all right of homestead in and to said premises," considered in connection with the immediate context, and the object of the instru- ment, amounted to nothing more than an express abandon- ment *to the trustees,* for the purposes of the trust, of all claim of homestead.    It is true that no such express abandon- ment to the trustees was necessary to enable them to convey the whole property, free of claim of homestead, to a purchaser at a trustees' sale had in execution of the trust.    But this is also true of the whole paragraph of which the provision

relied on forms a part. It was entirely unnecessary to set forth that the parties granted, etc., "also all the estate, interest, claim and demand as well in law as in equity, which the said parties of the first part may have or may hereafter acquire in and to the said premises, with the appurtenances." All this was subjected to the trust by the conveyance by the husband and wife of the property by metes and bounds, just as was the homestead claim. Considering the instrument as a whole, it is obvious that the only object of this paragraph was to completely transfer and abandon *to the purposes of the trust* all possible claims of the parties to the property. While we do not doubt that a general abandonment of a homestead may be contained in another instrument, the provision under discussion cannot reasonably be construed as such an abandonment.

Plaintiff urges that direction be given by this court for entry of judgment upon the findings in favor of plaintiff. This cannot be done, in view of the fact that the findings show an abandonment of the homestead. These findings are attacked by proper specification of insufficiency of evidence to support them, and, in accord with the views we have expressed, it must be held that the attack is well founded. This conclusion necessitates a new trial.

The judgment is reversed.

Shaw, J., McFarland, J., Lorigan, J., Henshaw, J., Sloss, J., and Beatty, C. J., concurred.

Rehearing denied.