[S. F. No. 4932.    In Bank.—June 26, 1908.]

CHARLES A. WARREN COMPANY, Respondent, v. ALL PERSONS CLAIMING ANY INTEREST IN, OR LIEN UPON, THE PROPERTY HEREIN DESCRIBED, OR ANY PART THEREOF, et al., Defendants; SAN FRANCISCO SAVINGS UNION, AND MERCANTILE TRUST COMPANY OF SAN FRANCISCO, Appellants.

ACTION TO QUIET TITLE UNDER MCENERNEY ACT—GRANTOR OF TRUST-DEED AS SECURITY.—The grantor of a deed of trust intended as security for a loan of money may maintain an action under the provisions of the act of June, 1906, entitled "An act to provide for the establishment and quieting of title to real property in case of the loss or destruction of public records," where the plaintiff's title is decreed subject to the provisions of the deed of trust.

ID.—LEGAL TITLE IN TRUSTEE — ESTATE OF INHERITANCE LEFT IN TRUSTOR.—The legal title under a trust-deed intended as security for a loan passes to the trustees solely for the purpose of enforcing the security according to its terms, but when the debt is paid the legal title becomes vested in the trustor or his successors in interest, and pending the existence of the security, the trustor retains an estate of inheritance, which may pass by devise or descent as against all persons except the trustees and those lawfully claiming under them.

ID.—DEEDS OF TRUST PROVIDED FOR IN STATUTE.—Under section 5 of the act of 1906, the provision that the affidavit shall set forth, among other things, "a statement of any and all subsisting mortgages,

deeds of trust, and other liens," unquestionably has reference to deeds of trust intended as security, and the legislature has thereby manifested its intention that the existence of such deeds of trust should not operate to deprive the trustor of his right to maintain the action.

Id.—Possession Remaining in Trustor.—The right to bring the action is limited by section 1 of the act, to any person who is by himself or his tenant or other person in the actual and peaceable possession of the property. The trustor has such possession, under a deed of trust, which conveys no right of possession to the trustee; and the trustor may maintain the possession and right of possession of the property, until the execution of the trust, when the trust-deed is silent upon the subject.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Frank J. Murasky, Judge.

The facts are stated in the opinion of the court.

Campbell & Baldwin, for Appellants.

J. C. Bates, for Respondent.

SLOSS, J.—This is an action to quiet title, brought under the provisions of the act of June, 1906, entitled "An act to provide for the establishment and quieting of title to real property in case of the loss or destruction of public records." (Stats. 1906, p. 78.)

The plaintiff, claiming the ownership of a lot of land in the city and county of San Francisco, filed a complaint in the form described in section 2 of the act. Accompanying the complaint, the plaintiff filed an affidavit, as required by section 5 of the act. This affidavit, after setting forth plaintiff's ownership of the land and showing his source of title, together with other matters required to be stated in the affidavit, averred that the land was subject to a lien "for $15,000 with interest, secured by a deed of trust in favor of San Francisco Savings Union, a corporation."

The San Francisco Savings Union and the Mercantile Trust Company of San Francisco (the trustee named in the deed of trust referred to in the affidavit) appeared, and, treating the complaint and the affidavit in conjunction as constituting a single pleading, demurred for want of facts sufficient to con-

stitute a cause of action and on the ground that plaintiff was not a proper party plaintiff to the action.

Their demurrer being overruled, the defendants answered, denying plaintiff's ownership in fee simple, and alleging that on May 12, 1905, Charles A. Warren, the then owner of the land, and plaintiff's predecessor in interest, had executed and delivered to the Mercantile Trust Company of San Francisco, as trustee, a deed of trust to secure the payment of a promissory note for $15,000 made by the grantor to the San Francisco Savings Union. It is alleged that the note is unpaid and is still held and owned by said Savings Union, and that the Mercantile Trust Company has never conveyed said real property. The answer prays judgment declaring the Mercantile Trust Company to be the owner of the land subject to the terms of the deed of trust. This instrument, a copy of which is annexed to the answer, is in the usual form of a conveyance to a trustee to secure the payment of an indebtedness.

The court found in favor of the allegations of the complaint and affidavit, and entered its judgment declaring the plaintiff to be the owner in fee simple of the property; adjudging that no person other than plaintiff has any estate, right, title or interest in, or any lien upon said property except that said Mercantile Trust Company of San Francisco holds a deed of trust as security for money loaned as in its answer set forth. It is further adjudged and decreed that all persons other than plaintiff be enjoined from asserting any claim, right, title or interest in or to said property, adverse to the title determined in favor of plaintiff, "except that . . . Mercantile Trust Company of San Francisco has and holds a deed of trust on the lot . . . as set forth in its answer on file in this action to secure the money loaned as evidenced by the promissory note as set forth in its said answer herein."

From this judgment the defendants San Francisco Savings Union and Mercantile Trust Company of San Francisco appeal.

The contention of the appellants is that by the execution of the deed of trust the title in fee vested in the trustee, Mercantile Trust Company of San Francisco, and that so long as such title was held by the trustee, the plaintiff had no such estate or interest as would authorize it to maintain an action

under the provisions of the act in question. In view of the fact that the court below, in declaring the title of plaintiff, expressly made such title subject to the deed of trust, it is difficult to see how the appellants are in any wise prejudiced by the judgment complained of. They assert no interest in the land except that vested in them by the deed of trust, and the judgment does not purport to limit their right to protect that interest as fully as they could if there had been no judgment. But, assuming that the defendants were "parties aggrieved" by the judgment (Code Civ. Proc., sec. 938) and as such entitled to appeal from it, we think the act in question, reasonably construed, does authorize an action by one who has made a conveyance in trust, merely as security for a debt.

Section 1 of the act provides that, in certain cases, "any person who claims an estate of inheritance or for life in, and who is by himself or his tenant or other person holding under him, in the actual and peaceable possession of any real property" may bring the action to establish his title and to determine all adverse claims to the property. It is argued by appellants that inasmuch as, by the provisions of the Civil Code (sec. 863) "every express trust in real property, valid as such in its creation, vests the whole estate in the trustees, subject only to the execution of the trust" and the "beneficiaries take no estate or interest in the property," the execution of the deed of trust to the Mercantile Trust Company vested the whole estate in such trustee, and there remained in the grantor and his successors no "estate or interest in the property," and, necessarily, no "estate of inheritance or for life." That instruments conveying property as security for a loan, in trust to sell in the event of nonpayment, or to reconvey to the grantor upon payment of the debt, create valid express trusts, is thoroughly settled in this state (*Sacramento Bank* v. *Alcorn*, 121 Cal. 379, [53 Pac. 813]; *Balfour etc. Co.* v. *Woodworth*, 124 Cal. 169, [56 Pac. 891]; *Staacke* v. *Bell*, 125 Cal. 309, [57 Pac. 1012]; *Tyler* v. *Currier*, 147 Cal. 31, [81 Pac. 319].) And that such instruments do not create a mere lien or encumbrance, but vest in the trustee the legal title to the property, has been repeatedly held, and has been reasserted by this court in the very recent case of *Weber* v. *McCleverty*, 149 Cal. 316, [86 Pac. 706].

It does not follow, however, that no estate can remain in the trustor. Under section 864 of the Civil Code, the author of a trust may prescribe to whom the property shall belong, in the event of the failure or termination of the trust, and may transfer or devise such property, subject to the execution of the trust. By the terms of section 865, his grantee or devisee acquires a *legal estate* in the property, as against all persons except the trustees and those claiming under them. Section 866 provides that every estate not embraced in the trust, and not otherwise disposed of, is left in the author of the trust or his successors. While, under the code provisions, the beneficiary takes no estate, the creation of the trust may vest an estate in the trustee, and still leave an estate in the trustor. Under an instrument like the one in question, the trustee takes a fee, such estate being necessary for the carrying out of the trust to sell if the debt should not be paid. But since, upon payment of the debt, the property will revest in the trustor or his successors, an interest in the property is left in such trustor. Such interest is an estate, and, as it may pass by devise or descent, is an estate of inheritance. "The legal title is conveyed solely for the purpose of security, leaving in the trustor or his successors a legal estate in the property, as against all persons except the trustees and those lawfully claiming under them." (*MacLeod* v. *Moran, ante,* p. 97, [94 Pac. 604].)

There are other considerations making it perfectly clear that the party executing an instrument of this character is embraced within the class of those to whom the legislature intended to give the right to institute this action. Section 5 of the act requires the plaintiff to file with the complaint an affidavit, setting forth, among other things, "a statement of any and all subsisting mortgages, deeds of trust, and other liens" on the land. The phrase "deeds of trust" unquestionably has reference to deeds of trust given as security, like the one in the case at bar. While they do not, strictly speaking, constitute "liens" upon the property, the legislature, by so designating them, and requiring a statement of them in the affidavit accompanying the complaint, manifested unmistakably its intention that the existence of such deeds of trust should not operate to deprive the trustor of the right to maintain the action.

The right to bring the action is limited, by section 1 of the act, to any person who is by himself or his tenant, or other person, in the actual and peaceable possession of the property. That the trustor has such possession is clear. The deed of trust "conveys no right of possession and the trustor may remain in possession, and, until the execution of the trust, may maintain an action to recover possession even when the trust-deed is silent upon the subject of possession." (*Sacramento Bank* v. *Alcorn*, 121 Cal. 379, [53 Pac. 813].)

It follows that the respondent was a proper party plaintiff, and entitled to the relief granted. It may be added that this case presents no question as to the rights of beneficiaries or trustees under any instruments except deeds of trust given as security for indebtedness.

The judgment is affirmed.

Angellotti, J., Henshaw, J., Lorigan, J., and Shaw, J., concurred.