[L. A. No. 1942. In Bank.—March 2, 1909.]

HOLLYWOOD LUMBER COMPANY (a Corporation), Respondent, v. W. A. LOVE et al., Appellants.

MECHANICS' LIENS—DEED OF TRUST—INTEREST IN LAND—NOTICE BY TRUSTEE OF NON-LIABILITY.—A deed of trust of land given to secure an indebtedness of the owner does not create an interest in the land within the meaning of section 1192 of the Code of Civil Procedure, so as to impose upon the trustee the duty of giving the notice of non-liability prescribed by that section, in order to prevent the subordination of his claim to the liens of persons furnishing labor or materials for a building subsequently constructed on the land. *Williams* v. *Santa Clara Mining Association,* 66 Cal. 200, followed and approved.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Monroe, Judge.

The facts are stated in the opinion of the court.

Frank G. Finlayson, for Appellants.

Borden & Carhart, for Respondent.

MELVIN, J.—The sole question presented by this appeal is whether or not property held under a trust-deed is subject to the lien of the materialman who furnished lumber after the execution of the trust-deed, and with knowledge of its existence.   The Hollywood Lumber Company, plaintiff and respondent, secured a personal judgment for $426.03 against the contractor Love.   This sum was decreed as a lien upon the premises, and the sheriff was directed to sell the property for the satisfaction of said judgment.   At the time when the contract was made with Love to construct a building on the land in question, Paul W. Boehncke and wife were the owners. Before the Hollywood Lumber Company commenced to furnish material, the Boehnckes executed to the California Safe Deposit and Trust Company a trust-deed to secure a loan of thirteen hundred dollars from the Continental Building and Loan Association.   This money was borrowed for use in the construction of the building on this very land.   Subsequently the property was sold pursuant to the terms of the deed of trust, and was purchased by the Continental Building and Loan Association for a sum equal to the amount of principal and interest due.   The respondent's theory of the case is that the facts bring it within the scope of section 1192 of the Code of Civil Procedure, and great reliance is placed by counsel for respondent upon the case of *Fuquay* v. *Stickney,* 41 Cal. 583, decided under a statute similar to the aforesaid section.   In that case it was distinctly held that a deed of trust conveys such an interest as imposes upon the trustee the duty of giving the notice prescribed by section 1192 of the Code of Civil Procedure, if he would prevent the subordination of his claim to the lien of the person furnishing labor or material.   A different doctrine is announced in the case of *Williams* v. *Santa Clara Mining Association,* 66 Cal. 193, [5 Pac. 85], in which it is held, in effect, that a deed of trust should be treated as an encumbrance.   In that case the deed of trust having been recorded before the work was begun, it was held to be unaffected by the lien, under the provisions of sections 1186 and 1192 of the Code of Civil Procedure.   Coun-

sel for appellants believes that this case overrules in effect
and in principle the doctrine of *Fuquay* v. *Stickney*, 41 Cal.
583, and the representatives of both sides of this litigation
contend that their respective theories find support in later
decisions, particularly in the case of *Weber* v. *McCleverty*,
149 Cal. 316, [86 Pac. 706], which contains the latest expres-
sion of this court upon the subject. In that opinion the fol-
lowing language was employed by Mr. Justice Shaw: "The
case which seems to hold that a deed of trust is an encum-
brance and not an interest in the land is *Williams* v. *Santa
Clara Mining Association*, 66 Cal. 200, [5 Pac. 85]. The ques-
tion was raised whether section 1192 of the Code of Civil Pro-
cedure requiring any person 'claiming an interest' in land
upon which a building was being erected, to give notice that he
will not be responsible for the same, in order to avoid the en-
forcement of a lien for the cost of the building against such in-
terest, was applicable to a deed of trust. The court, in effect,
held that, so far as that section is concerned, the estate created
by the trust-deed should not be deemed an interest in the
land, so as to require the trustee to give such notice, and said
that the deed should be 'treated' as an encumbrance, and that,
the deed having been recorded before the building was begun,
it was exempt from the lien by the provisions of section 1186
of the Code of Civil Procedure. The court merely says that
in the application of sections 1186 and 1192 of the Code of
Civil Procedure, a deed of trust must be 'treated' as an en-
cumbrance. . . . The point received no thorough treatment
in the opinion, the code definitions were not mentioned, and
although we do not in the least impugn the authority of the
decision as a construction of the section of the code there
involved, we do not consider ourselves bound to adopt the
doctrine as a general principle, and, in the face of the pro-
visions of the Civil Code above given, apply it also to section
1475 of the Code of Civil Procedure." Perhaps if this were
a new question, we might be inclined to hold that, under the
reasoning of *Weber* v. *McCleverty*, 149 Cal. 316, [86 Pac.
706], a deed of trust need not be "treated as an encumbrance"
for the purpose of applying sections 1186 and 1192 of the
Code of Civil Procedure. In section 2872 of the Civil Code
a lien is defined as "a charge imposed in some mode other than
by transfer in trust upon specific property, by which it is

made security for the performance of an act." Section 1114 of the same code is as follows: "The term 'encumbrances' includes taxes, assessments, and all liens upon real property." It might well be asserted that a deed of trust not being "a lien, mortgage or other encumbrance," does not fall under the exceptions enumerated in section 1186 of the Code of Civil Procedure, and that being an interest in the land it is subject to the provisions of section 1192 of the Code of Civil Procedure. But we are confronted with the fact that *Williams* v. *Santa Clara Mining Association* has for many years expressed the law upon this subject. Doubtless Mr. Justice Shaw had that fact in mind when he wrote, as a part of the opinion in *Weber* v. *McCleverty,* that he did "not in the least impugn the authority of the decision" (in *Williams* v. *Santa Clara Mining Association,* 66 Cal. 200, [5 Pac. 85]) "as a construction of the section of the code there involved." There is good reason for treating a trust-deed as an encumbrance for the purposes of this discussion. The functions of such a deed are well described by Mr. Justice Angellotti in *MacLeod* v. *Moran,* 153 Cal. 99, [94 Pac. 604]. Of the deed of trust he there writes: "It carries none of the incidents of ownership of the property, other than the right to convey upon default on the part of the debtor in the payment of his debt. The nature of such an instrument has been extensively discussed by this court, and the sum and substance of such discussion is that while the legal title passes thereunder, and the trustees cannot be held to hold a mere 'lien' on the property, it is practically and substantially only a mortgage with power of sale. (See *Sacramento Bank* v. *Alcorn,* 121 Cal. 379, 383, [53 Pac. 813]; *Tyler* v. *Currier,* 147 Cal. 31, 36, [81 Pac. 319]; *Weber* v. *McCleverty,* 149 Cal. 316, 320, [86 Pac. 706].) The legal title is conveyed solely for the purpose of security, leaving in the trustor or his successors a legal estate in the property, as against all persons except the trustees and those lawfully claiming under them. (Civ. Code, secs. 865, 866.) Except as to the trustees and those holding under them, the trustor or his successor is treated by our law as the holder of the legal title. (*King* v. *Gotz,* 70 Cal. 236, [11 Pac. 656].) The legal estate thus left in the trustor or his successors entitles them to the possession of the property until their rights have been fully divested by a conveyance made by the trustees in

CLV Cal.—18

the lawful execution of their trust, and entitles them to exercise all the ordinary incidents of ownership in regard to the property, subject always, of course, to the execution of the trust." (See, also, *Warren Co.* v. *All Persons etc.,* 153 Cal. 771, [96 Pac. 807].) It seems reasonable that the limited title conveyed by a deed of trust should be exempted from the dangers incident to a failure to notify builders or materialmen in accordance with the provisions of section 1192 of the Code of Civil Procedure. The decision in the case of *Williams* v. *Santa Clara Mining Association,* 66 Cal. 200, [5 Pac. 85], was the first one upon the subject after the adoption of the codes. It has probably been generally followed. Attorneys have doubtless advised their clients upon the law there announced, and property rights have been acquired upon the faith of it. The rule *stare decisis* should be applied, and we must reverse that part of the judgment in this case which is in conflict with *Williams* v. *Santa Clara Mining Association.* For almost a quarter of a century that case has been the leading authority in California upon the interpretation of the statutes now before us. If there were any good reason for a change in the rule with reference to trust-deeds, the legislature has had abundant opportunity for an unequivocal declaration of such change. No statute having been enacted with a view to the alteration of the declared doctrine, we feel all the more willing to affirm *Williams* v. *Santa Clara Mining Association,* 66 Cal. 200, [5 Pac. 85]. (See *Pioche* v. *Paul,* 22 Cal. 109; *Vassault* v. *Austin,* 36 Cal. 696; *Smith* v. *McDonald,* 42 Cal. 486; *In re Dorris,* 93 Cal. 612, [29 Pac. 244].)

We therefore reverse that part of the judgment which declares a lien upon the property described in the complaint and judgment; and that portion decreeing that the said property be sold by the sheriff and the proceeds applied to the payment of the plaintiff's claim and costs.

Henshaw, J., Angellotti, J., Shaw, J., and Sloss, J., concurred.