[Civ. No. 8089. First Appellate District, Division Two.—October 1, 1931.]

WASCO CREAMERY & CONSTRUCTION COMPANY (a Corporation), Appellant, v. SAMUEL W. COFFEE et al., Defendants; BERNARD DAUSER et al., Respondents.

Jones & Hoar and E. H. Hoar for Appellant.

William J. M. Heinz, G. C. DeGarmo and W. M. Crane for Respondents.

JAMISON, J., *pro tem.*—Plaintiff brought this action to foreclose a mechanic's lien growing out of a contract for the remodeling of a four-room cottage by adding thereto three rooms and thereby making it a seven-room cottage. Defendants Samuel W. Coffee and Audrey B. Coffee defaulted and judgment was rendered against them for the debt alone and judgment went for the other defendants to the effect that plaintiff had no lien against the property. Plaintiff moved for a new trial and same being denied, prosecuted this appeal.

It is not denied that appellant furnished labor and material upon the building in question under said contract with said defendant Coffee, said contract having been entered into on June 13, 1927, and that work under said contract was commenced on July 6, 1927, and completed about July 25, 1927. The property which is the subject of litigation was formerly owned by respondents Dauser and wife and some time prior to the contract between Coffee and appellant, they had sold it to W. H. Jones under a contract of sale. Some time in the early part of June, 1927, Coffee and Jones entered into negotiations for the exchange by Jones of his interest under said contract of sale for certain property belonging to Coffee at San Luis Obispo. Pursuant to these negotiations there were executed on June 17, 1927, a quitclaim deed from Jones to Dauser and wife and a grant deed from Dauser and wife to Coffee, also a deed of trust for $8,000 from Coffee to Dauser and wife, respondent, First National Bank of Anaheim being named

as trustee therein. All of these instruments were placed in escrow to be recorded when a search of the records showed the title to the property to be in Coffee. Thereafter search of the records having been made and the title found to be in Coffee, all of said instruments were released from escrow and filed for record on July 13, 1927.

Respondents contend that Coffee was not the owner of the building upon which appellant claims a lien, nor of the land upon which the building is situated, either at the time the contract was entered into between Coffee and appellant or at the commencement of the work under said contract. On the other hand, appellant claims that Jones' equity in the property had been transferred to Coffee by Jones in exchange for property owned by Coffee in San Luis Obispo prior to said contract. It does not appear that Jones ever assigned to Coffee the said contract of purchase which he had received from Dauser and wife. The fact that Jones executed a quitclaim deed to Dauser and wife, which was one of the instruments that was placed in escrow, would indicate that Jones did not assign the said contract of purchase to Coffee. From these circumstances the inference would arise that Jones and Coffee merely had a verbal agreement for the transfer to Coffee of Jones' interest under the contract of purchase. An oral agreement is not sufficient to transfer title to real property. (Sec. 1091, Civ. Code; *Cranmer* v. *Porter*, 41 Cal. 462.) Deeds placed in escrow, when finally delivered after the conditions of the agreement have been fulfilled, relate back to the date of their execution and the rights of the parties are the same as though the deeds had been delivered upon such date. (*Marr* v. *Rhodes*, 131 Cal. 267 [63 Pac. 364]; *Whitney* v. *Sherman*, 178 Cal. 435 [173 Pac. 631]; *Hawi Mill etc. Co., Ltd.*, v. *Finn*, 82 Cal. App. 255 [255 Pac. 543].) It appears to be the well-settled law in this state that the trustee in a deed of trust is vested with the entire estate. (*Bayer* v. *Hoagland*, 95 Cal. App. 403, 412 [273 Pac. 58]; *Weber* v. *McCleverty*, 149 Cal. 316 [86 Pac. 708]; *Anglo-California Trust Co.* v. *Oakland Rys.*, 193 Cal. 464 [225 Pac. 452].) But where the deed of trust is executed solely for the purpose of securing a debt, it conveys the legal title to the trustee only so far as may be necessary to the execution of the trust. (*MacLeod* v. *Moran*, 153 Cal. 97 [94 Pac. 604]; *Hollywood*

*Lumber Co.* v. *Love,* 155 Cal. 270 [100 Pac. 698]; *Wyser* v. *Truitt,* 95 Cal. App. 727 [273 Pac. 147].) In the case of *McLeod* v. *Moran, supra,* which was a case where the deed of trust was given to secure a debt, Judge Angellotti delivering the opinion of the court said: "The nature of such an instrument has been extensively discussed by this court, and the sum and substance of such discussion is that while the legal title passes thereunder, and the trustees cannot be held to hold a mere 'lien' on the property, it is practically and substantially only a mortgage with power of sale. (Citing authorities.) The legal title is conveyed solely for the purpose of security, leaving in the trustor or his successors a legal estate in the property, as against all persons except the trustees and those holding under them. (Civ. Code, secs. 865 and 866.) Except as to the trustees and those holding under them, the trustor or his successor is treated by our law as the holder of the legal title. (*King* v. *Cotz,* 70 Cal. 236 [11 Pac. 656].) The legal estate thus left to the trustor or his successors entitles them to the possession of the property until their rights have been fully divested by a conveyance made by the trustees in the lawful execution of their trust, and entitles them to exercise all the ordinary incidents of ownership in regard to the property, subject always, of course, to the execution of the trust."

Therefore, the title to said property was vested in Coffee on June 17, 1927, except for such title as the trustee in the deed of trust held for the purpose of carrying out the said trust and in contemplation of law Coffee was the owner of said property when appellant commenced work on the said building. Section 1186 of the Code of Civil Procedure provides in substance that mechanics' liens are preferred to any lien that may have attached subsequent to the time when the building or improvement was commenced; also to any lien, mortgage or other encumbrance of which the lienholder had no notice or which was unrecorded at the time the building or improvement was commenced. In the case of *Fickling* v. *Jackman,* 203 Cal. 657. [265 Pac. 810, 812], the court said: "By a long line of decisions in this state a deed of trust is a lien or other encumbrance within the meaning of that section. The general rule is stated to be: 'Accordingly, if recorded before any work is done or

materials are commenced to be furnished, a trust deed is in the ordinary course of things prior to mechanics' liens.' " In the case under consideration the work was commenced on the building on July 6, 1927, but the deed of trust was not recorded until July 13, 1927. The trial court found that Dauser and wife were the owners of said property until July 13, 1927, upon which date they transferred it to Coffee and wife and simultaneously with said transfer Coffee and wife transferred the legal title thereof to the trustee named in said deed of trust. The court further found that the above·facts concerning the title of said property were known to appellant at the time of entering into the contract with Coffee and that with such knowledge it furnished the material and performed the work for Coffee and that it looked to him personally for payment for said work and material.

H. C. Hull, president of the appellant company, testified on behalf of said company that he entered into the agreement with Coffee for remodeling the cottage; that Coffee was then residing on the property and stated that he had purchased it, that he had made a payment in the way of trading some other land that he owned and that he had a deed for the property. On cross-examination Hull testified that he was informed by the Wasco Branch of the Bank of Italy that Coffee's papers were in escrow; that he was purchasing the property and had made a material payment on it. It was stipulated that the deeds and the deed of trust were placed with the Abstract Title Company of San Luis Obispo, who in turn placed them with the Kern County Abstract Company for the purpose of passing on the title. He further stated, that at no time prior to July 13, 1927, did appellant know that the respondent, First National Bank of Anaheim, the trustee in the deed of trust, had or claimed any interest in said property. The finding of the trial court that appellant had knowledge of the existence of the said deed of trust before commencing work on said building is not only not supported by evidence, but is also contrary to it.

The trial court also found that Dauser and wife were the owners of the said property up to the time the deeds were released from escrow on July 13, 1927. This finding is contrary to the evidence. Coffee became the owner of

said property at the date of the execution of the deed to him from Dauser and wife and continued to be such owner until the sale under the deed of trust late in July, 1927. It is true that the deed of trust took effect at the same time the deed to Coffee from Dauser and wife became effective, but the execution of the deed of trust did not destroy Coffee's ownership of said property except so far as was necessary to carry out the purposes of the trust.

That part of the judgment decreeing that the said premises are free from the lien of appellant and adjudging costs to respondent is reversed and that part thereof giving to appellant a judgment against Samuel W. Coffee and Audrey B. Coffee for the sum of $1429.54 is affirmed, appellant to recover costs of appeal.

Nourse, P. J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 30, 1931, and a petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 30, 1931.