Turner, J.
 

 Both the trial court and the majority of the Court of Appeals were of the opinion that the issues presented the question whether appellee and her sister (who were considered necessary parties) were virtually represented in the land sale action. On this question it was the opinion of the majority of the Court of Appeals that the court of probate in the sale of real estate action did not have jurisdiction over the persons of the claimants, nor did that court attempt to exercise any jurisdiction over the subject matter inso
 
 *460
 
 far as the cause before it pertained to the extinguishment of claimants’ entailed estate therein.
 

 In addition, the Court of Appeals discussed the question : Whose duty was it to see that the residue of the sale price, after the payment of debts, reached the hands of a properly appointed trustee? The majority of the Court of Appeals were of the opinion that it was the duty of the purchaser to see that a proper trustee for any unborn remaindermen was appointed and such residue paid over accordingly.
 

 Both courts proceeded upon the theory that the dis-entailing statutes applied and were not followed.
 

 Both courts proceeded upon the theory that only the life estate of William Geiger and the Woods children’s expectancy were acquired by appellant through the executor’s sale to pay debts.
 

 We are of the opinion that the disentailing statutes have no application to a sale of real estate of a decedent to pay debts where the personal property is insufficient for such purpose. Besides, no entailed estate was sold. What was offéred for sale and sold to appellant was the entire interest of the decedent, which was a fee simple estate. While it is the law that real property descends to the heir or devisee upon the death of testator, it must be remembered that only so much descends as is not- necessary for the payment of debts. It is not the property of the heir or devisee that is sold to pay debts but the entire interest of which the testator died seized. The surplus, if any, after the payment of debts is to be treated as realty and it is to such fund that the devisees must look.
 

 In
 
 Carr, Gdn.,
 
 v.
 
 Hull,
 
 65 Ohio St., 394, 62 N. E., 439, it was held:
 

 “The lands of an intestate descend to his heirs, subject, however, to the payment of his debts and the year’s allowance to the widow and minor children, in
 
 *461
 
 case the personalty is insufficient, and charges of administration incident to a sale of the land.”
 

 As said by Judge Spear in
 
 Stout
 
 v.
 
 Stout,
 
 82 Ohio St., 358, 363, 92 N. E., 465:
 

 “Upon it being ascertained that the personalty is insufficient to pay the debts, the procedure provided by Sections 6136 to 6174, Eevised Statutes, operates upon the
 
 res
 
 as well as upon the parties interested, and gives to the administrator the absolute right to subject the lands in the way prescribed unless advantage is taken by those interested by the interposition of a bond.”
 

 In the case of
 
 Faran, Admr.,
 
 v.
 
 Robinson,
 
 17 Ohio St., 242, 93 Am. Dec., 617, it was held:
 

 ‘ ‘ The debts of a decedent are a lien upon his real estate * *
 

 As stated by Judge Hitchcock in
 
 Ewing
 
 v.
 
 Hollister, Admr.,
 
 7 Ohio, pt. 2, 138, 143:
 

 “Nothing is taken from the heir which belongs to trim, because the lands descend upon him incumbered with those debts.”
 

 In 25 Ohio Jurisprudence, 389, Section 45, it is said:
 

 “In Ohio, all debts constitute a paramount lien upon all the property of a decedent.”
 

 In the case of
 
 Stiver, Jr., Admr.,
 
 v.
 
 Heirs of Stiver, Jr.,
 
 8 Ohio, 217, 221, it was held: “Heirs, holding land of their ancestor, hold it subject to his debts; a purchaser from them takes the incumbrance with the title.”
 

 In the case of
 
 Ramsdall
 
 v.
 
 Craighill, 9
 
 Ohio, 197, it was held that the debts of a decedent are a lien on his realty in default of personal estate.
 

 Section 10807, G-eneral Code (E. S. 6163, 38 Ohio Laws, 146, Section 148), provided:
 

 “The deed of the executor or administrator, made in pursuance of the order of the court, shall be received in all courts as prima facie evidence that the executor or administrator in all respects observed the directions
 
 *462
 
 and complied with the requisitions of the law, and
 
 shall vest the title in the purchaser, in like manner as if conveyed by the deceased in his lifetime.”
 
 (Italics ours.)
 

 Under the statutes in force in 1911 and 1912 it was necessary only to make William Geiger, the devisee having the next estate of inheritance, a party and it was not necessary to make his unborn children parties either actually or by virtual representation. (No question is raised
 
 re
 
 necessary parties, except as to the unborn children of William Geiger.)
 

 At common law, real property was not an asset in the hands of an executor or administrator for the payment of debts. It was not until the statutory law of Ohio so provided, that the personal representative of a deceased person might sell real estate to pay decedent’s debts.
 

 Prior to the Act of 1824 (22 Ohio Laws, 124,130, Section 19), a proceeding by a personal representative to sell the real estate of a decedent to pay debts was an action
 
 in rem
 
 or at least
 
 ex parte. Lessee of Ewing
 
 v.
 
 Higby,
 
 7 Ohio, pt. 1, 198; 28 Am. Dec., 633;
 
 Ewing
 
 v.
 
 Hollister, Admr.,
 
 7 Ohio, pt. 2, 138;
 
 Robb
 
 v.
 
 Lessee of Irwin,
 
 15 Ohio, 689, 698; 18 Ohio Jurisprudence, 697, Section 649.
 

 Section 19 of the Act of 1824, being an act defining the duties of executors and administrators, provided:
 

 “That when the executor, or administrator, shall apply to the court under this act, for authority to sell the real estate of their testator, or intestate, the application shall be by petition, to which the lawful heir, or the person
 
 having the next estate of inheritance of the testator, or intestate,
 
 shall be made defendant.” (Italics ours.)
 

 As the General Assembly has the power to authorize the sale of a decedent’s real estate to pay debts
 
 ex parte,
 
 so also has it the power to prescribe who shall be made parties.
 

 
 *463
 
 The applicable statute in effect in 1911 and 1912 was Section 10780, General Code (E. S. 6142, 55 Ohio Laws, 157), which provided, as phrased by the Codifying Commission of 1910:
 

 “In such action the widow of the deceased, the heirs, devisees, or persons having the
 
 next
 
 estate of inheritance from him, and all mortgagees and other lien holders, whether by judgment or otherwise, of any of the lands sought to be sold, and all trustees holding the legal title thereto or to any part thereof, and, if a fraudulent conveyance is sought to be set aside, all persons holding or claiming thereunder, must be made parties.” (Italics ours.) •
 

 In effect at the same time was Section 10782, General Code (E. S. 6144, 38 Ohio Laws, 146, Section 127)) which provided:
 

 “Unless the prayer of the petition for a sale is contested, it shall not be necessary to appoint guardians
 
 ad litem
 
 for infant heirs or devisees or other persons having the next estate of inheritance from the deceased who are defendants. No such guardian can waive notice or service of summons.”
 

 The word “devisees” as used in Section 10780,
 
 supra,
 
 is not a word of independent connotation but is qualified by the words “having the next estate of inheritance from him.”
 

 “Devisee” denotes one to whom real property passes by will. 1 Page on Wills, 6, Section 5; 5 Thompson Eeal Property (Perm. Ed.), 493, Section 2675; 41 Ohio jurisprudence, 856, Section 734. The estate devised to Geiger was an estate of inheritance. Blackstone’s Commentaries, Book 2, Chapter VII, page 103; Gavit’s Blackstone’s Commentaries, 272. The Supreme Court of California in the case of
 
 Charles A. Warren Co.
 
 v.
 
 All Persons Claiming Interest,
 
 153 Cal., 771, 96 P., 807, adopted the following definition: “An estate of inheritance” is one “that may pass by devise or.descent.”
 
 *464
 
 See, also, 15 Words and Phrases, 236, 239; 1 Washburn Real Property (6 Ed.), 51. Geiger’s estate was the next estate of inheritance from the testator. Geiger was a necessary party. His unborn issue were neither proper nor necessary parties.
 

 While an action to sell the real estate of a decedent is now an adversary matter, yet so long as proper parties have been made there is no defense available which can prevent the sale so long as the personal estate is insufficient to pay the debts and no one has given a bond to pay the debts. The debts of a decedent being a lien upon his real estate, it is not the policy of the law to hobble creditors with circuitous procedure. On the other hand it is the policy of the law that the decedent’s creditors shall be promptly paid by facilitating such sale and securing the highest available sale price.
 

 Section 10816, General Code (R. S. 6171, 38 Ohio Laws, 146, Section 157), in effect at the time of the sale, provided:
 

 “In all cases of a sale by an executor or administrator of part or the whole of the real estate of the deceased, under an order of court, whether such executor or administrator has been appointed in this state or elsewhere, the surplus of the proceeds of sale remaining on the final settlement of the account, must be considered as real estate, and be disposed of accordingly.”
 

 Section 1Í022, General Code (R. S. 6327-1, 90 Ohio Laws, 260), in effect at the time in question, provided:
 

 “In any action or proceeding pending in a court of record, if it be made to appear to the court, that any person or persons entitled to all or a part of the proceeds of property sold therein, is or are unknown, or not resident of this state, and not represented in such action or proceeding; or that the person or persons so entitled cannot, at the time, definitely be ascertained or determined, the court
 
 may
 
 appoint a trustee
 
 *465
 
 to receive, hold and manage such proceeds, or part thereof, and to whom the notes and mortgage for the unpaid part shall be made, delivered and paid.” (Italics ours.)
 

 The foregoing section was not mandatory. In the instant case the executor paid the residue ($3,900) to William G-eiger and Charles W. Woods, guardian. We think this was proper procedure. Geiger was entitled to the use thereof during his lifetime. If he died leaving issue, it was up to his estate to account to such issue. If he died without issue, such accounting would have been due the children of Fannie Woods.
 

 The executor’s first and final account, showing such payment, was duly set for hearing and duly approved by the probate judge. When the executor was ordered to sell the real estate for the payment of debts he gave a bond conditioned: “Now if the said J. H. Fultz shall account for and pay over to the person legally entitled thereto, all the proceeds of the real estate so ordered to be sold, then this obligation to be void; otherwise to be and remain in full force and effect.”
 

 Under date of March 23, 1912, the judge of the Probate Court made the following journal entry:
 

 “This cause now coming on to be heard on the return of J. H. Fultz executor of said estate of his proceedings and sale under the order of this court, the court, after' having carefully examined said return, being satisfied that such sale has in all respects been legally made, does hereby approve and confirm the same, and order that the said J. H. Fultz as such executor make to the purchaser, Thomas B. Baker a good and sufficient deed for the premises so sold. All of which is accordingly done. It is ordered that the funds arising from said sale amounting to $6,000 be accounted for by said administrator [sic] according to law.”
 

 We are of the opinion that there was no duty resting upon the purchaser to see to the application of the
 
 *466
 
 proceeds of the sale. It was the duty of the executor to apply the proceeds according to law, and in default he was liable on his bond. However, we do not see that this is a material matter in the instant case for the reason that the instant case is not an action to recover the proceeds of the sale remaining after the payment of debts, but an action in partition. The effect of the decision below is to take away from the purchaser the property for which he paid more than the appraised value of the fee simple estate and to give such property to these after-born issue of the life tenant free from the debts of decedent. This does not do substantial justice between the parties and is not according to the statutes in such case made and provided.
 

 Therefore, the judgment of the Court of Appeals should be and hereby is reversed, and this court, coming to enter the judgment which should have been entered by the Court of Appeals and the trial court, dismisses the petition for partition at the costs of the plaintiff therein (appellee here).
 

 Judgment
 
 reversed'.
 

 Weygandt, C. J., Zimmerman, Bell, Matthias and Hart, JJ., concur.
 

 Williams, J., concurs in the judgment.