**DOUGHTY, Plaintiff, v. BEARD et, Defendants.**

Common Pleas Court, Franklin County.

No. 179291.   Decided April 4, 1952.

Ralph Smith, Columbus, for plaintiffs.
Sherwood & Sedgwick, Columbus, for defendants.

## OPINION

By REYNOLDS, J.

In this action plaintiff is seeking partition of real estate in which plaintiff claims an undivided ¼ interest as one of the heirs at law of Clara Gray who died in 1949, seized of the property in question.

Plaintiff and defendant Lloyd Doughty are grandsons of a deceased sister of Clara Gray and defendant Martin Beard is the son of a deceased sister.

Thomas F. O'Shaughnessy was appointed as administrator of the estate of Clara Gray.

Among the debts of the estate was the claim of Division of Aid for the Aged in the sum of $2816.40 and it became necessary to sell the real estate to pay debts.

An action was brought for that purpose and the real estate here involved which had been appraised for $1450.00 by the Court appraiser was ordered sold without further appraisal.

The property was duly advertised and sold to defendants John Cowen and Dorothy Cowen who are now in possession.

Plaintiff and his brother Lloyd and Martin Beard were not made parties to the Probate Court proceedings and plaintiff claims that the same are void and of no effect and that the purported sale is of no effect.

This is an attempt to collaterally attack the judgment of the Probate Court which manifestly had jurisdiction in the administration of the estate of Clara B. Gray and in the proceedings to sell real estate to pay debts.

In **18 O. Jur. 701** the following rule is stated:

"Rules of Comity. It is a general principle that as between courts of concurrent and coextensive jurisdiction, the one whose power is first invoked by the institution of proper proceedings has the right to adjudicate upon the whole issue and to settle the rights of the parties to the exclusion of all other tribunals. This principle is applied to actions for the sale of lands by an executor or administrator. Where such an action is brought in the Probate Court, that court acquires exclusive jurisdiction to determine all questions arising in the case. In the absence of fraud, the common pleas court has no jursdiction to set aside the sale or take any action in conflict with the judgment rendered by the probate court."

It is therefore the ruling of the Court that if any attack is to be made in the proceedings, sale and judgment of the Probate Court, it must be done in that Court.

This action is therefore dismissed at plaintiff's costs.