SHACKELFORD, APPELLANT, *v.* ALFORD ET AL., APPELLEES.

(No. 7173—Decided May 14, 1963.)

*Mr. James H. Larva,* for appellant.
*Mr. Richard Carter Irvin,* for appellees.

DUFFY, P. J.   On September 30, 1892, in Allen County, Ohio, the plaintiff-appellant was born, the daughter of Alvin J. and Lulu Arnold.   In 1895 her parents were divorced.   In November 1895, her father remarried in Putnam County, Ohio, and shortly thereafter moved to Columbus, Ohio.   The plaintiff was taken by her mother to the state of Virginia and subsequently lived in Georgia, North Carolina, and Florida where she resided at the time this action was instituted in 1960.

Mr. Arnold and his second wife were also the parents of one daughter who lived with them in Columbus, Ohio, from the date of her birth until her marriage, and she has continued since then to be a resident of that city.

In February 1942, the second wife of Mr. Arnold died, and approximately one month later on March 15, 1942, Mr. Arnold died intestate at the age of 68, seized in fee simple of property located in Columbus, Ohio.

The daughter by the second marriage filed an application to be administratrix of her father's estate, believing that she

was the only heir at law of her father, as she had no knowledge of his previous marriage or that a child had been born of that prior marriage. In the administration of her father's estate, it was necessary to sell the real estate to pay debts. An application was made to the Probate Court for authority to sell the land, in which proceeding no steps were taken to serve the unknown heirs by publication, all parties concerned in the administration of the estate believing that the administratrix was the only living child and the only next of kin of her father. The property was purchased on July 21, 1942, in a land sale proceeding for $5,000. This money was used to pay the debts of Alvin J. Arnold, after which there was $1,276.31, which amount was distributed to the administratrix as the only known heir of the decedent.

The purchaser at the land sale proceeding subsequently conveyed the property by warranty deed to a second purchaser. On July 24, 1958, the defendant-appellee Sam N. Alford purchased the property from the estate of the second purchaser at the appraised value of $9,000 without any knowledge of any defects in the prior land sale proceeding, or of any defects in the title itself. He is at present the owner of record of the property.

In August 1960, the plaintiff's mother learned that her first husband had passed away, and she sought information as to whether her daughter inherited any property from him. As a result of her inquiries, this present action in partition was started in the Court of Common Pleas of Franklin County by the plaintiff who was a daughter of Alvin J. Arnold and unknown to those who administered his estate in 1942.

The trial court made the following findings of fact and conclusions of law:

"Conclusions of Fact.

"1. Alvin J. Arnold died in Franklin County, Ohio, in 1942, without a will and seized of the fee simple estate in the parcel of real estate involved in this case.

"2. The plaintiff is one of his daughters.

"3. Mr. Arnold's estate was administered in the Probate Court of this county.

"4. An action was filed in that Probate Court to sell the real estate to pay the decedent's debts. The plaintiff was not made a party to that case. In all other respects the proceedings

were regular and the property was sold by order of the court.

"5. Defendant Sam N. Alford is the present owner of the property (of record), although he did not purchase it at the above sale. He paid a valuable consideration for it without any knowledge of any defect in the above proceedings.

"Conclusions of Law.

"1. The judgment of the Probate Court in the proceedings to pay the debts of Alvin J. Arnold, deceased, cannot be collaterally attacked."

The trial judge dismissed the action in partition, and from that order the plaintiff has appealed to this court. The following are the assignments of error made by the plaintiff:

"1. The court erred in its conclusions of law that the judgment of the Probate Court in the proceedings to pay debts of Alvin J. Arnold, deceased, cannot be collaterally attacked.

"2. The court erred in its failure to adjudge that plaintiff was vested immediately upon the death of her father on March 15, 1942, in a fee simple title of an undivided interest in the premises described in the amended petition.

"3. The court erred in its conclusion that if a proper party has been omitted from an action in Probate Court to sell real estate to pay debts, his remedy is not an action in partition.

"4. The judgment of the court is contrary to law."

The trial judge relied upon a prior holding of the Common Pleas Court of Franklin County in the case of *Doughty* v. *Beard* (1952), 72 Ohio Law Abs., 188, and the Supreme Court case of *Ruff* v. *Baker*, 146 Ohio St., 456.

It is not to be doubted that in this state real estate passes direct to the heirs of an intestate immediately and directly upon death, subject, however, to the payment of his debts and the cost of administration. *Carr, Gdn.,* v. *Hull*, 65 Ohio St., 394, and *Ruff* v. *Baker, supra*. The latter case makes it clear that the General Assembly has the power to authorize the sale of a decedent's estate to pay debts ex parte, and also has the power to require who shall be made parties. The sale of land by an executor or an administrator is authorized by Section 2127.01 of the Revised Code. Section 2127.12 provides who are the necessary parties to such a land sale proceeding. That section reads as follows:

"In an action by an executor or administrator to obtain

authority to sell real estate the following persons shall be made parties defendant:

"(A) The surviving spouse;

"(B) The heirs, devisees, or persons entitled to the next estate of inheritance from the decedent in such real estate and having an interest therein, but their spouses need not be made parties defendant;

"* * * *"

It is clear that the heir, who is entitled to the next estate of inheritance from the decedent has a right to be a party to the proceedings which would deprive her of her estate, and the jurisdiction of a court which attempts to proceed without notice to the heir can be questioned at any time. A void judicial sale may be collaterally attacked. *Lessee of Adams* v. *Jeffries*, 12 Ohio, 253; *Lincoln Tavern, Inc.*, v. *Snader*, 165 Ohio St., 61. See, also, 32 Ohio Jurisprudence (2d), 467 and 478.

The case of *Ruff* v. *Baker*, 146 Ohio St., 456, decided that the remainderman was not entitled to notice where the life tenant (next estate of inheritance) was served; and in the case of *Schmidt* v. *Weather-Seal, Inc.*, 71 Ohio App., 387, it was decided that the failure to notify a judgment lienholder of a land sale proceeding did not deprive the court of jurisdiction to order the sale, but the purchaser took subject to the lien. Both cases indicate that if the heir, devisee, or person entitled to the next estate of inheritance from the decedent was not notified, the action of the court in disposing of that interest in real estate would be invalid and void.

It, therefore, follows that the plaintiff was vested immediately upon the death of her father with an interest in land which her father owned at the time of his death, and that the land sale proceeding did not pass title to her interest; and she is entitled to assert her ownership or interest in that property in an action in partition or in any other action provided by law to settle disputes between persons who have an undivided interest in real property.

The judgment of the Common Pleas Court is reversed and the cause remanded for further proceedings according to law.

*Judgment reversed.*

DUFFEY and TROOP, JJ., concur.