[Sac. No. 5035.   In Bank.—February 27, 1937.]

J. W. AITCHISON et al., Plaintiffs and Respondents, v.
BANK OF AMERICA NATIONAL TRUST & SAV-
INGS ASSOCIATION (a National Association), De-
fendant and Appellant; MERCED IRRIGATION
DISTRICT (a Public Corporation), Defendant and Re-
spondent.

Louis Ferrari, George D. Schilling, C. Ray Robinson and Keyes & Erskine for Appellant.

Treadwell, Laughlin & Treadwell and H. K. Landram for Respondents.

EDMONDS, J.—The question for decision in this case concerns the right to certain amounts owing by the Merced Irrigation District for water rights transferred to it by the plaintiffs. The amounts unpaid are claimed by the plaintiffs and also by Bank of America National Trust & Savings Association as the present owner of the various parcels of land to which the water rights were originally appurtenant. Judgment went in favor of the plaintiffs and the bank has appealed.

The action is one for declaratory relief, and was brought by a large number of persons holding contracts with the Irrigation District upon which various amounts are unpaid. It is alleged that in 1924 plaintiffs sold and conveyed to the Irrigation District all and any rights they had to receive water under certain contracts with Crocker-Huffman Land and Water Company and in consideration thereof that the district agreed to pay plaintiffs various amounts in annual instalments over a period of years; that the agreements of the district are contained in several instruments, all of which were intended to constitute one transaction; that certain of the payments due upon said contracts have not been made for the reason that Bank of America claims some right to them based upon a claim that it or its predecessor had or has some lien upon the several parcels of land formerly owned by the plaintiffs, but that such claim is without right. Edward F. Treadwell is also a plaintiff and it is alleged that the district agreed to pay five per cent of the several amounts to him. The relief asked is that the court ascertain and declare the rights of the parties.

The trial court declared by its findings and judgment that the contracts made by plaintiffs with the Irrigation District do not run with the land but belong to the parties or their assigns; that the right to receive the amounts payable to the plaintiffs thereunder never passed to the bank by

the foreclosure of the deeds of trust or the deeds made in lieu of foreclosure and that the bank has no interest in any amounts payable thereunder except in those instances where the contracts were assigned to it. The judgment also provides that each of the plaintiffs except those who assigned their contracts to the bank recover from the Irrigation District the amount due under his contract. Treadwell is also declared to be entitled to certain sums, and the bank is given judgment for the amounts due and unpaid on all contracts which have been assigned to it.

There is no dispute concerning the facts. Prior to 1924 the Crocker-Huffman Land and Water Company conveyed land to the plaintiffs and their predecessors in interest under instruments designated as a "deed and contract" by which the grantor, "in consideration of the purchase and sale of said land above described, agrees to furnish to the second party water not exceeding at any time ⅛ of one cubic foot per second, under the terms, conditions, limitations and restrictions herein stated". The contract further provided that the agreement to furnish water was limited to water to be used to irrigate the land described and that it should not exceed such quantity as might be required for economical use. There was also a reservation of ditch rights of way. It is conceded that these contracts ran with the land.

Certain of the plaintiffs were the original purchasers from the Crocker-Huffman company while others are grantees from such purchasers. All at one time or another prior to 1924 executed deeds of trust in favor of the predecessor of the bank. Some of the plaintiffs also executed a second deed of trust to the bank or its predecessor in renewal of one previously given. Subsequent to 1924 the bank foreclosed practically all of the deeds of trust and became the owner of the various parcels of real estate under deeds made by the trustee. Several of the plaintiffs gave a deed in lieu of foreclosure. A few assigned their contracts to the bank.

In 1924 the Merced Irrigation District, organized as a public corporation under the California Irrigation District Act (Stats. 1897, p. 254; Deering's Gen. Laws, 1931 ed., Act 3854), acquired the Crocker-Huffman water system, and entered into the contracts with the plaintiffs which are now in dispute. By these contracts, all of which are in substantially the same form, the plaintiffs, each of whom was the owner of land within the district which had been conveyed to him

or his predecessors by the "deed and contract" of the Crocker-Huffman company, transferred and conveyed to the district all and any rights to receive water under the Crocker-Huffman agreement. The consideration of each contract was by its terms stated to be the agreement of the district to pay the landowner a certain amount in annual instalments over a term of 17 years. A considerable portion of the amounts called for by the contracts has been paid and the district makes no attempt to repudiate its agreements. On the contrary, it affirms its obligations to pay, but seeks a judicial determination as to who is legally entitled to the amounts unpaid under each of the contracts.

The bank contends that as the purchaser at the foreclosure sales under the various deeds of trust it secured title to the original water rights granted by the Crocker-Huffman deeds free and clear of the contracts with the Irrigation District. But if this be the situation it does not affect the rights of the plaintiffs to the consideration payable by the district for the real property conveyed to it. The district is satisfied with what it has received under the conveyances made to it. If the bank owns the original water rights conveyed by the Crocker-Huffman deeds its remedy is to assert its title to those rights in appropriate actions brought against the grantee or its successors. The title which the Irrigation District received is not at issue in the present action.

The further claim is made by the bank that the contracts with the district substituted for the original water rights new ones also appurtenant to the land. It maintains in this connection that the effect of the Irrigation District contracts is to give the landowner the right to water at a preferential rate, the amounts agreed to be paid under those contracts constituting rebates to the consumers.

The fallacy of such reasoning is the result of a failure to recognize the fundamental nature of the transaction between the landowners and the district. In 1924, when the disputed contracts were executed, each landowner who had given a deed of trust upon his property held a legal estate in it as against all persons except the trustee and those claiming under such trustee. (*Sheldon* v *La Brea Materials Co.*, 216 Cal. 686 [15 Pac. (2d) 1098].) The trustor in such a case is considered as the holder of the legal title. (*MacLeod* v. *Moran*, 153 Cal. 97, 100 [94 Pac. 604].) "And so notwithstanding the execution of a trust deed as security for pay-

ment of a debt, the grantor may convey the property subject to such deed." (25 Cal. Jur., p. 45; secs. 865, 866, Civ. Code.) He may "exercise all of the ordinary incidents of ownership in regard to the property, subject always, of course, to the execution of the trust". (*Wasco Creamery Co.* v. *Coffee,* 117 Cal. App. 298, 301 [3 Pac. (2d) 588].) In the case of the holder of a mortgage it was said "a mortgagee is bound to know that his mortgagor may convey the premises subject to his mortgage". (*Filipini* v. *Trobock,* 134 Cal. 441 [62 Pac. 1066, 66 Pac. 587].)

Applying these principles to the situation of the landowners at the time they made the contracts with the Irrigation District, it is obvious that each one owned a legal estate in real property which he might sell. Upon a sale no part of the consideration could be claimed by the beneficiary of a deed of trust upon the property sold. And if the bank had no right to the consideration at that time it obtained no further rights to the unpaid instalments after foreclosure of the deeds of trust.

Also, there is nothing in the contracts of the Irrigation District which affords the slightest basis for construing them as agreements to substitute one water right for another. By these contracts the landowners for certain considerations "hereby severally sell, transfer and convey to the district all and any rights to receive water which they have or may have under the said [Crocker-Huffman] contracts". There is no agreement by the district to thereafter give the sellers water at any particular price or at all. Undoubtedly the grantors relied upon the fact that they were owners of land within the district and as such would be entitled to water. But that fact cannot change the contract of the district into one for an exchange of water rights where the language is clear and unequivocal and clearly indicates that there was no such purpose. Except in the few instances where contracts were assigned to it the bank is a stranger to the conveyances of the landowners. Neither the deeds to it upon foreclosure nor the deeds given in lieu of foreclosure vest in it any interest in the consideration for those conveyances.

The judgment is affirmed.

Curtis, J., Shenk, J., Waste, C. J., and Seawell, J., concurred.

Rehearing denied.