**In re William David EHRLE and Julie Ehrle, aka Julie Louise Johnson, Debtors.**

**Yi–Ping LIN, Appellant,**

**v.**

**William David EHRLE and Julie Ehrle, aka Julie Louise Johnson, and U.S. Trustee, Appellees.**

**BAP No. CC–94–2546–BHO.**
**Bankruptcy No. SA93–14904 JB.**
**Adv. No. SA93–1621 JB.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Sept. 20, 1995.

Decided Nov. 21, 1995.

---

**2.** The Eighth Circuit has not directly addressed this question.

Bob E. Thacker, Lake Forest, CA, for appellant Yi–Ping Lin.

Ross L. Edgell, Jr., Orange, CA, for appellees William & Julie Ehrle.

Before BRANDT[1], HAGAN and OLLASON, Bankruptcy Judges.

*Opinion*

BRANDT, Bankruptcy Judge.

## I. ISSUES

The questions raised by this appeal are whether:

1) an unrecorded deed of trust on real property creates a security interest under California law in the proceeds from the sale of the subject real property;

2) debtors' actions in selling property subject to an unrecorded deed of trust and using the proceeds to purchase other property gave rise to a nondischargeable debt for embezzlement or conversion; and

3) a constructive trust can be imposed post-petition where the creditor failed to perfect his security interest?

We answer all in the negative.

---

[1]. Hon. Philip H. Brandt, Bankruptcy Judge for the Western District of Washington, sitting by designation.

## II. FACTS

On 17 April 1991 appellant, Yi–Ping Lin, loaned $160,000.00 to defendants/debtors/appellees William David Ehrle and Julie Ehrle, secured by a second deed of trust on real property at 124 Derby Circle, Anaheim, California. The property was encumbered by a first deed of trust securing a loan for the speculative construction of a house on the property.

On 4 November 1991, appellant extended the loan and agreed in writing to reconvey the second position deed of trust to the debtors in order to assist them in obtaining refinancing. In the Loan Agreement, debtors agreed to grant a new second deed of trust to appellant upon refinancing. In the event refinancing was not secured, debtors were to execute a new deed of trust in the amount of the creditor's initial second position deed of trust. The Loan Agreement stipulated that the new second position deed of trust would be recorded upon issuance.

Thereafter, debtors obtained the desired refinancing, paying off the construction loan and $60,000.00 of appellant's debt. Debtors then executed the new second deed of trust for $100,000.00 on 10 February 1992 and delivered it to appellant's agent, who failed to record the second deed of trust. Chia Ling Yang, the agent, feared the bank would not extend credit to the debtors if the new second were recorded, although the refinancing had already occurred. Appellant's agent also admits he forgot to record the second deed of trust.

After granting the second deed of trust, the debtors listed the property with a realtor and placed a "for sale" sign on it. On 8 May 1992, the debtors sold the property, leaving appellant's loan unsecured by the Derby Circle property. Escrow closed on 17 July 1992 and debtors received $131,972.36. Mr. Ehrle testified that he learned the appellant's deed of trust was unrecorded upon receipt of the escrow payment, when the loan amount owed appellant was not taken out of sale proceeds. The proceeds were used to purchase real property at 707 Heatherglen Circle, Anaheim, California.

Despite the sale, debtors continued making monthly loan payments to appellant until February 1993, when Mr. Ehrle lost his job.

Debtors filed their petition under chapter 7 of the Bankruptcy Code [2] on 5 May 1993. Appellant filed this action for nondischargeability, a money judgment, and imposition of a lien on the Heatherglen Circle property.

Debtors moved to dismiss at the close of appellant's case pursuant to Fed.R.Civ.P. 41(b), incorporated by Fed.R.Bankr.P. 7041. The bankruptcy court granted the dismissal, concluding as a matter of law that appellant had no interest in the proceeds which would support either embezzlement or conversion, the theories on which appellant submitted the case.

Appellant timely appealed bankruptcy court's dismissal. Appellant does not challenge any factual finding of the bankruptcy court.

## III. STANDARD OF REVIEW

■ The trial court's conclusions of law regarding nondischargeability are reviewed *de novo, In re Kirsh,* 973 F.2d 1454, 1456 (9th Cir.1992), as are its interpretations of state law. *In re Kirkland,* 915 F.2d 1236, 1238 (9th Cir.1990).

## IV. DISCUSSION

A. *Did Appellant Have an Interest in the Proceeds?*

As a creditor holding an unrecorded security instrument, appellant argues he is secured in the proceeds of the sale. In the alternative, he argues (1) that debtors owed him a fiduciary duty to protect his collateral, the breach of which gives him a right to recover from the proceeds, (2) that debtors' sale of property and use of proceeds amounted to embezzlement or conversion, preventing discharge of appellant's claim, and (3) that he is the beneficiary of a constructive trust in the Heatherglen Circle property.

■ 1. *Real Property Security*: Under the California authorities, even had appellant

---

**2.** 11 U.S.C.: Absent contrary indication, all section and chapter references are to the Bankruptcy Code. This case was filed before 22 October 1994, the effective date of the Bankruptcy Reform Act of 1994, Pub.L.No. 103–394, 108 Stat. 4106.

properly recorded his deed of trust, he would not have security in the proceeds of the sale. *Aitchison v. Bank of America,* 8 Cal.2d 400, 403–404, 65 P.2d 890 (1937); *Abatti v. Eldridge,* 103 Cal.App.3d 484, 163 Cal.Rptr. 82 (4th Dist.App.1980) (*dicta*).

2. *Personal Property Security:* Under California's Uniform Commercial Code, security interests in personal property extend to the cash proceeds thereof. Cal.Com.Code § 9306 (West 1990). However, Cal.Com. Code § 9104(j) (West 1990) excepts the "transfer of an interest in or lien on real estate[,]" from coverage under California's Article 9.

■ In any event, there are three requirements for a security interest to attach to collateral or to proceeds. First, there must be a security agreement signed by the debtor which describes the collateral. Second, value must have been given. Third, the debtor must have rights in the collateral. Cal.Com. Code § 9203(1) (West 1990 & Supp.1995). The only language in the deed of trust which arguably describes the sale proceeds for purposes of § 9203(1)(a) is the boilerplate following the legal description: "the rents, issues, and profits thereof." The California authorities do not equate "rents, issues, and profits" with "proceeds". In *Estate of McIntyre (County of San Mateo v. O'Donnell),* 189 Cal.App.2d 498, 500, 11 Cal.Rptr. 733 (Cal. App.1961), the court, construing a probate statute, stated that "rents, issues, and profits" referred to the income generated by the property, rather than the proceeds of the property on sale.

■ Both sides cite *United States v. Wood,* 28 B.R. 383 (N.D.Ga.1983), in which a creditor's unperfected security interest was analyzed under the state personal property security law to find a viable security interest in sale proceeds. In *Wood,* the creditor (SBA) had provided a loan to a corporation with a written personal guarantee of the individual debtor, secured by a deed of trust on debtor's residence. Debtor sold his residence and the SBA agreed in writing to release its deed of trust, provided debtor placed the sale proceeds in an escrow account to be used for the purchase of another residence. Debtor promised to grant the SBA a second mortgage on the new resi-

dence following purchase. Debtor placed funds in escrow, but shortly thereafter filed bankruptcy, claiming part of the escrow funds as exempt. The district court ruled the written guarantee by debtor created a valid Article 9 security interest in the cash proceeds from his residence under Uniform Commercial Code § 9–203, as adopted in Georgia:

> The Guaranty in question fulfills all the requirements for a proper security agreement; it is a writing, signed by the debtor setting forth the agreement creating a security interest in collateral described as the proceeds of certain residential real estate, a description of the real estate being set forth with sufficient particularity on the reverse side of the Guaranty.

*Wood,* 28 B.R. at 385 (citations omitted).

The present case is distinguishable, for the personal guaranty here is not the equivalent of that in *Wood:* it merely reiterates the obligation of the promissory note, and contains no language which purports to grant a security interest in anything.

None of the documents gives appellant an interest in the sale proceeds.

B. *Theories.*

Appellant unclearly alleged a nondischargeability cause of action for breach of fiduciary duty and defalcation under § 523(a)(4), but failed to cite any law to the trial court in support of his position, and conceded this cause of action. He also argued nondischargeability for embezzlement under § 523(a)(4); or for willful and malicious injury (conversion) under § 523(a)(6), and seeks imposition of a constructive trust, referenced as an "equitable lien" in his brief, upon the proceeds of the sale.

■ 1. *Embezzlement:* Under the embezzlement theory, § 523(a)(4), appellant must show: "(1) property rightfully in possession of a nonowner; (2) nonowner's appropriation of the property to a use other than that for which it was entrusted; and (3) circumstances indicating fraud." *In re Littleton,* 942 F.2d 551, 555 (9th Cir.1991). Having no interest in the proceeds, appellant cannot establish the first element.

■ 2. *Conversion:* Appellant also claims on appeal that debtors' willful and malicious

conversion of the proceeds renders their obligation nondischargeable under § 523(a)(6). This theory was apparently not presented to the bankruptcy court (it was set forth in neither the complaint nor the pretrial order). Appellant identifies no exceptional circumstances, nor any change in the law since the trial court acted, nor is the issue purely one of law: accordingly, we should not hear the argument. *U.S. v. Carlson,* 900 F.2d 1346, 1349 (9th Cir.1990); *In re Roberts,* 175 B.R. 339, 344–345 (9th Cir. BAP 1994).

In any event, to prevail under this provision, appellant would have to establish that debtors deliberately or intentionally committed a wrongful act which necessarily produced harm without just cause or excuse. *In re Cecchini,* 780 F.2d 1440, 1443 (9th Cir.1986); *In re Littleton,* 942 F.2d 551, 554 (9th Cir.1991). Conversion may be the wrongful act, *Cecchini,* 780 F.2d at 1443.

Under California law the elements of conversion are plaintiff's ownership or right to possession of property at the time of the conversion, defendant's wrongful act or disposition of his property right, and consequent damages. *In re Saylor,* 178 B.R. 209, 214 (9th Cir. BAP 1995) (citing *Hartford Financial Corp. v. Burns,* 96 Cal.App.3d 591, 158 Cal.Rptr. 169 (Cal.App.1979)). As with embezzlement, lacking any interest in the sale proceeds, appellant cannot establish conversion.

3. *Constructive Trust:* Appellant's brief cryptically asserts that a lien may be imposed on the sale proceeds, in effect seeking the imposition of a constructive trust. This theory was not presented to the bankruptcy court—it appears nowhere in the pretrial order or the transcript—and we need not consider it on appeal.

In any event, appellant would fail. Constructive trusts arise out of state law. *In re American Coin and Currency, Ltd.,* 767 F.2d 1573, 1575, *amended,* 774 F.2d 1390 (9th Cir.1985), *cert. denied,* 475 U.S. 1083, 106 S.Ct. 1462, 89 L.Ed.2d 719 (1986). In California, to impose a constructive trust there must exist a *res,* the plaintiff must have rights to the *res,* and the defendant must have gained the *res* by "fraud, accident, mistake, undue influence, violation of the trust

or other wrongful act." *Kraus v. Willow Park Public Golf Course,* 73 Cal.App.3d 354, 140 Cal.Rptr. 744 (Cal.App.1977). Appellant, having no interest in the proceeds, could not establish a constructive trust, even if it would otherwise be proper after consideration of bankruptcy law and policy. *See In re Markair, Inc.,* 172 B.R. 638, 642 (9th Cir. BAP 1994); *In re North American Coin & Currency,* 767 F.2d at 1575; *In re Lewis,* 778 F.2d 1416, 1419 (9th Cir.1985).

Nothing appellant has submitted indicates any evidence or argument on these questions was presented to the bankruptcy court. Nor was the Trustee, a presumably necessary party (unless the Heatherglen Circle house is fully exempt), joined. Finally, appellant apparently conceded this theory at argument.

## V. CONCLUSION

As a matter of California law, an unrecorded deed of trust does not create a security interest in proceeds of the subject property, even between the parties. Such an interest is a necessary predicate of each of appellant's causes of action.

The bankruptcy court is AFFIRMED.